Henry Lane **HUGHES**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 440–91, 441–91.

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1992.

**592**

Tim K. Banner, Hal E. Turley, Dallas, for appellant.

John Vance, Dist. Atty., and Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was found guilty of possession of cocaine and was sentenced to five years imprisonment. On the basis of this conviction, appellant's probation was revoked in connection with a prior conviction for aggravated assault and appellant was sentenced to five years imprisonment. Both convictions were affirmed by the Fifth District Court of Appeals in an unpublished opinion. *Hughes v. State*, Nos. 5–88–779–CR and 5–88–780–CR (Tex.App.—Dallas, delivered July 14, 1990). Originally, we granted appellant's petition for discretionary review to determine whether "the Court of Appeals erred in holding that the trial court properly denied [appellant's] motion to suppress evidence, because the search warrant did not establish probable cause to search the cars on the premises." Upon determining that the Court of Appeals had not addressed the probable cause issue raised, we reversed and remanded the case back to the Court of Appeals for consideration of that issue.[1] *Hughes v. State*, Nos. 1174–89 and 1175–89 slip op. (Tex.Cr. App. October 10, 1990) (unpublished). On remand, the Court of Appeals affirmed the judgment of the trial court. Appellant filed a petition for discretionary review of the Court of Appeals' opinion on remand. We granted a single ground of appellant's petition for discretionary review to determine whether "the Court of Appeals erred in holding that the affidavit established probable cause to search the vehicles [described] in the search warrant."[2] We will affirm the judgment of the Court of Appeals.

Law enforcement officials were advised by a confidential informant that appellant possessed counterfeit money. The search warrant affidavit, prepared pursuant to such information, alleged in relevant part the following:

On March 23, 1988, a confidential and reliable informant told me that he had been at the above described place and premises many times and has been at that location and in the house within the last 24 hours. While at the location in the last 24 hours the confidential informant saw United States Currency in the

---

**1.** Appellant argued before the Court of Appeals that the "search warrant affidavit did not establish probable cause to search the cars on the premises." The Court of Appeals held that the description in the affidavit controls the description in the warrant and that since the vehicles were described in the affidavit, the warrant need not have restricted the search to the house only. In his petition for discretionary review, appellant claimed that the Court of Appeals missed the issue of probable cause. We agreed, concluding "that appellant raised the probable cause issue on appeal and the Court of Appeals should have considered whether there were sufficient facts to support probable cause rather than only addressing the scope of the search or the cars' description." *Hughes v. State*, Nos. 1174–89 and 1175–89 slip op. at 4 (Tex.Cr.App. October 10, 1990) (unpublished). We held that because the Court of Appeals had not addressed the probable cause issue, there was no decision for this court to review. *Id.*

**2.** We note that although appellant appears to assert lack of probable cause under Article I, Section 9 of the Texas Constitution and under Article 18.01(b) V.A.C.C.P., he does not argue that the Texas Constitution or statutes should or do provide greater protection than the Fourth Amendment to the United States Constitution.

house which he recognized as counterfeit. The confidential informant told me that he has seen counterfeit U.S. Currency at that location on numerous occassions [sic] during the three months prior to March 23, 1988. While in the house during the last three months preceding March 23, 1988, the above described person Henry Lane Hughes told the confidential informant that the U.S. currency in the above described place and premises were counterfeit. During the three months prior to March 23, 1988, including the 24 hours prior to March 23, 1988, the confidential informant saw a large floor model photostatic copying machine. All of the above information was told me by the confidential informant on March 23, 1988. The confidential informant who told me the above information has provided information regarding criminal activity to me on numerous occassions [sic] in the past and on each and every occassion [sic] that information has proved to be true and correct.

On March 23, 1988, I was told by William S. Fortune a Special Agent with the United States Secret Service that the bulk of the counterfeit U.S. Currency seized in the Dallas–Ft. Worth area is produced by photostatic copying. Agent Fortune told me that he has received extensive training and has extensive experience in the recognition of counterfeit U.S. Currency and the use of photostatic copying.

The search warrant that issued authorized seizure of "Counterfeit U.S. Currency, copying or photostatic machine, Xeroxgraphic paper or supplies for photostatic machine" and described the area subject to search as follows:

A white wooden frame single story house at 2832 Canary, Dallas, Dallas County, Texas. Said house is on the west side of Canary and is the 7th house north of Overton Street. Said property to include vehicles at the location which is a beige 1980 to 1982 Ford Mustang with no license tags; a white Chrysler Cordoba bearing Texas license WVB712; and a

white Ford Mustang bearing Texas license 697MLH.

A search of the suspected residence was conducted and although counterfeit money was not found, "related materials" referred to by the prosecutor during closing argument as "paraphernalia associated with counterfeit[ing]" were discovered.[3] After searching the house, officers used a screwdriver to break into the locked trunk of one of the vehicles described in the warrant, and found the cocaine which formed the basis of the instant possession charge and the revocation of probation in the aggravated assault case.

On remand, the Court of Appeals held that the affidavit established probable cause to search the vehicles, reasoning that although the affidavit did not state how the vehicles were connected to the counterfeiting operation, "it [was] not unreasonable for the magistrate to conclude that some method or means of moving supplies, equipment, and contraband on and off the premises would be required in a counterfeiting operation as described in the affidavit and vehicles on the premises would be an integral part of the overall operation." *Hughes v. State,* Nos. 05–88–00779–CR and 05–88–00780 slip op. at 4 (Tex.App.—Dallas, January 25, 1991) (unpublished opinion on remand). Appellant now argues that the officers lacked probable cause to search the vehicles because the affidavit did not allege facts as to why counterfeit money or other contraband might be located in the vehicles.

A search warrant may not issue unless it is based upon probable cause. U.S. CONST. amend. IV; TEX. CONST. art. I, sec. 9; Art. 18.01(b), V.A.C.C.P. Probable cause must be established by setting forth substantial facts in a sworn affidavit presented to the issuing magistrate. Article 18.01(c) of the Texas Code of Criminal Procedure requires that the affidavit set forth sufficient facts to establish probable cause by alleging:

(1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched

---

**3.** It is not clear from our review of the record    what items constituted such "paraphernalia."

for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

V.A.C.C.P. art. 18.01(c).

We have previously addressed the issue of probable cause in the context of the search of a vehicle at a suspected premises. *Bower v. State,* 769 S.W.2d 887 (Tex.Cr. App.), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681, 685 n. 6 (Tex.Cr.App.1991).[4] In *Bower v. State,* the appellant was suspected of four capital murders committed in the course of stealing an ultra light aircraft. The search warrant authorized the search of the appellant's house and three particularly described vehicles. *Id.* at 905. Among items authorized to be seized were the stolen aircraft, related parts, written materials pertaining to such aircraft, murder weapons and ammunition (sophisticated weaponry and silencers). *Id.* at 904. The officers had probable cause to believe the suspect possessed certain incriminating evidence, but they were not sure where at his residence such evidence might be. During the search of the appellant's house and garage, officers discovered a briefcase in the appellant's car containing the records of a firearms transaction. The appellant claimed that the search was illegal, in part because there was not

probable cause to show that the records would be located in the car. We said:

As to appellant's contention concerning the location of documents in the Ford, we find this to be an issue of first impression. Article 18.01(c) appears to impose a severe burden on the State in providing probable cause for the location of the items to be seized. The question before us is "how detailed must the probable cause be in terms of location of the items to be seized?" Was it incumbent under [article 18.01(c) ] for the affidavit to furnish probable cause as to the exact location, be it house, garage, vehicle #1, vehicle #2, vehicle #3? We do not think this was the intent of the legislature when they drafted that provision and we have not found any case law which would support that position. Rather, *we believe Article 18.01(c)(3) merely requires that there be probable cause to believe that the items would be located in the general location, i.e., somewhere within appellant's residence, which included the automobiles parked inside his garage and on the premises. To require anything more specific would be to require the impossible.*

*Id.* at 905 (emphasis added).

The holding in *Bower* is consistent with federal courts which hold that a warrant authorizing the search of identified premises encompasses vehicles which are on the premises. *See, e.g., United States v. Percival,* 756 F.2d 600, 612–13 (7th Cir.1985);

4. We also addressed this issue · in *Barnett v. State,* 788 S.W.2d 572 (Tex.Cr.App.1990) (plurality opinion). In *Barnett,* while police were searching the residence of Paula Byrd pursuant to a search warrant, the appellant drove up to the residence in his car. *Id.* at 573–74. The appellant was immediately arrested and his vehicle searched, whereupon amphetamine was discovered. The search warrant authorized a search of "the suspected place and premises [1803 Pulliam] (including all other structures, places, and vehicles on the premises) described in said affidavit...." The affidavit described the suspected premises in detail followed by the parenthetical "(Including all vehicles, outbuildings, and places on the premises.)". We held that the search of the appellant's vehicle was not within the scope of the search warrant. *Id.* at 577.

*Barnett* is distinguishable from the instant case because the vehicle at issue there arrived at the premises after the search had begun and the vehicle did not belong to and was not within the control of the owner or occupant of the premises. *See United States v. Percival,* 756 F.2d 600, 612–23 (7th Cir.1985) (search warrant which authorizes search of particularly described premises permits search of vehicles provided such vehicles are "owned or controlled by the owner of, and found on, the premises"). Moreover, *Barnett* is overly broad to the extent that its holding appears applicable to *any* vehicles parked at suspected premises, including vehicles on the premises at the initiation of the search and belonging to or within the control of the owner or occupants of the premises. Such holding is contrary to *Bower* and other well-settled authority.

*United States v. Bulgatz,* 693 F.2d 728, 729 n. 3 (8th Cir.1982), *cert. denied,* 459 U.S. 1210, 103 S.Ct. 1203, 75 L.Ed.2d 444 (1983); *United States v. Freeman,* 685 F.2d 942, 955 (5th Cir.1982). The affidavits in these cases generally established probable cause to believe the sought for evidence was in the residence or somewhere on the premises. *See, e.g., Percival,* 756 F.2d at 612; *Bulgatz,* 693 F.2d at 731; *Freeman,* 685 F.2d at 946–55. In holding that the scope of the search was not exceeded by the search of vehicles on the premises, these holdings necessarily imply that the probable cause showing with respect to the premises in general was sufficient to establish probable cause for the search of the vehicles.[5] As stated by the 7th Circuit Court of Appeals in concluding that the search of a vehicle parked in the garage of suspected premises was within the scope of the warrant:

> [A] lawful search of fixed premises generally extends to every part of the premises in which the object of the search may be found, notwithstanding the fact that separate acts of opening or entry may be required to complete the search.

*Percival,* 756 F.2d at 612 (citing *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)).

In the instant case, the affidavit recites that the informant had seen contraband in the house a number of times within the three months prior to the issuance of the warrant. The affidavit need not recite what may reasonably be inferred from its stated facts—that the contraband may be moved to other rooms in the house or to storage on other portions of the premises or may be moved on or off the premises in vehicles. The informant's viewing of contraband in the house was sufficient to establish probable cause that contraband also may exist on other portions of the suspect-

ed premises including vehicles which are within the control of the owner or occupants of the premises. *See Bower,* 769 S.W.2d at 905; *see also Freeman,* 685 F.2d at 955. We accordingly hold that the affidavit at issue established probable cause to search the vehicles described particularly therein and the affiant was not required to separately recite the probable cause that existed with respect to those vehicles, apart from the probable cause that existed with respect to any other portion of the suspected premises. *Bower,* 769 S.W.2d at 905.

We affirm the judgment of the Court of Appeals.

CLINTON, Judge, dissents for the reasons given in *State v. Barnett,* 788 S.W.2d 572 (Tex.Cr.App.1990).

---

5. These decisions are in line with cases which have held that a warrant authorizing the search of a house also permits the search of other structures or areas inside the "curtilage" or area immediately surrounding the dwelling place. *United States v. Moore,* 743 F.2d 254 (5th Cir. 1984) (search of garage not connected to house was within scope of warrant permitting search of "building, house or place" of defendant); *United States v. Anderson,* 485 F.2d 239 (5th Cir.1973), *cert. denied,* 415 U.S. 958, 94 S.Ct. 1487, 39 L.Ed.2d 573 (1974) (flowerbed outside of house was part of "residence" and subject to search); *McGlothlin v. State,* 705 S.W.2d 851 (Tex.App.—Fort Worth 1986), reversed on other grounds, 749 S.W.2d 856 (Tex.Cr.App.1988) (search of barn 125 feet from house was within curtilage and therefore within scope of search).