**Richard Gonzales FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00237–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1994.

Discretionary Review Refused
Feb. 22, 1995.

---

**194**

Donald W. Bankston, Richmond, for appellant.

John F. Healey, Jr., J. Sidney Crowley, Gordon White, Jr., Fort Bend, for appellee.

Before HUTSON–DUNN, ANDELL and PRICE,* JJ.

## OPINION

ANDELL, Justice.

Appellant, Richard Gonzales Flores, pled not guilty to the charge of aggravated pos-

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

session of marijuana. After the trial court denied his motion to suppress evidence appellant pled guilty to the lesser offense of possession of marijuana. In accordance with a plea agreement, the trial court assessed punishment at four years probation and a fine of $500.

In his sole point of error, appellant asserts that the trial court erred in denying his motion to suppress. We reverse and remand.

**Preliminary procedural compliance**

The State argues, as a preliminary issue, that appellant has failed to preserve this issue for review by filing only a general notice of appeal which does not comply with the requirements of Texas Rule of Appellate Procedure 40(b)(1), which states in pertinent part:

> [I]f the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to the entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

TEX.R.APP.P. 40(b)(1) (emphasis added).

The language of rule 40(b)(1) is "unequivocally mandatory." *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990); *Moreno v. State,* 866 S.W.2d 660, 661 (Tex. App.—Houston [1st Dist.] 1993, no pet). In *Moreno,* the appellant failed to preserve error by filing a general notice of appeal which did not state that the trial court granted permission to appeal or specify that the motion to suppress was raised by written motion and ruled on before trial. 866 S.W.2d at 661. This Court held that where judgment was rendered upon appellant's plea of guilty pursuant to TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon 1993)[1] and the punishment assessed

did not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, appellant's notice of appeal was required to meet the dictates of rule 40(b)(1). *Id.*

Appellant contends that the present case is distinguishable from *Moreno.* Here, as in *Moreno,* appellant filed only a general notice of appeal, which failed to state that the trial court had granted permission to appeal or specify that the motion to suppress was raised by written motion and ruled on before trial. In the present case, however, appellant argues that the docket sheet notation appearing under the heading "ORDERS OF THE COURT" is sufficient to constitute substantial compliance with Rule 40(b)(1). The docket entry, which is *signed by the trial judge,* states: "D[efendant] plead guilty per order D[efendant] gave notice of appeal on *pre-trial* ruling."

Appellant cites *Riley v. State,* 825 S.W.2d 699, 701 (Tex.Crim.App.1992), as controlling in this case. In *Riley,* the Court held that "when all the information required by Rule 40(b)(1) is contained in an order by the trial court and the order is in the appellate record along with a timely notice of appeal, the Court of Appeals has jurisdiction to address jurisdictional and also those non-jurisdictional defects recited in the order." *Id.* at 701. Appellant argues that the docket sheet entry in this case is actually an order of the trial court sufficient to satisfy the substantial compliance exception to rule 40(b)(1) as set forth in *Riley.*

As a general rule, docket sheet entries and other instruments found in the appellate record will not constitute substantial compliance with rule 40(b)(1). *Rodriguez v. State,* 844 S.W.2d 905, 910 (Tex.App.—San Antonio 1993, pet. ref'd) (citing *Shute v. State,* 744 S.W.2d 96, 97 (Tex.Crim.App. 1988)). The reason for this is that, in most cases, the docket sheet is merely a record kept by the clerk showing the order and nature of the proceedings for each criminal action. TEX.CODE CRIM.PROC.ANN. art. 33.07 (Vernon 1965).

---

1. TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp. 1994) (setting out the necessary requirements and procedure for a defendant opting to waive his right to a trial by jury and plead guilty).

In the present case, however, the docket entries were made by the trial court, not the clerk. There were a total of 15 entries made by the trial court on this docket but only three of the entries were signed: (1) an order, made during the suppression hearing, granting a request made by both sides for an opportunity to brief an issue pertaining to the admissibility of the warrant; (2) the denial of the motion to suppress; and (3) appellant's plea of guilty and *notice of appeal on the pre-trial ruling.* These signed docket entries clearly were intended to be orders of the court. In fact, the denial of the motion to suppress appears nowhere else on the record. Therefore, we hold that this docket entry is sufficient to stand as an order of the court and satisfies the notice requirements of rule 40(b)(1) by specifying that appellant was appealing a matter "raised by written motion and ruled on before trial." In light of these circumstances, we find that appellant has substantially complied with rule 40(b)(1) and thus we may reach the merits of his appeal.

**The validity of the search of the vehicle**

At the suppression hearing, Sergeant James S. Lucas, with the Texas Department of Public Safety Narcotics Division, was the only witness to testify. He testified that on October 20, 1992, he prepared a sworn affidavit to obtain a search and arrest warrant. Probable cause for the warrant was based primarily on information provided by a confidential informant. The informant stated to the officer that he had gone to the residence described in the affidavit that morning and seen a large quantity of marijuana. He then reported that he purchased a small amount of the marijuana from the owner of the residence.

The affidavit for the search and arrest warrant, under paragraph I, listed the suspected place and premises to be searched, including "A 1981 Chrysler bearing Texas L.P. 920 PWE." Paragraph III stated that the suspected place and premises listed under paragraph I were "in charge of and controlled by" three persons: (1) Evaristo Esparza Tovar; (2) Abel Ramirez Tovar; and (3) Betty R. Tovar. When they executed the warrant, the police searched every place

described under paragraph I, including the 1981 Chrysler.

Contrary to what was alleged in the affidavit, however, the 1981 Chrysler was, in fact, owned and controlled by appellant. Under cross-examination, the Sergeant admitted that appellant's name did not appear on the affidavit and that no independent information supporting the search of the car was listed under the affidavit's probable cause section. Although photographs of the premises to be searched were attached to the affidavit and submitted to the magistrate, they were not attached to the copy of the affidavit introduced at the pre-trial hearing and, at any rate, appellant's car was not pictured in any of the photographs, according to the testimony of Sergeant Lucas.

Sergeant Lucas testified at the hearing on the motion to suppress as follows:

> We executed the search warrant based on the information from the confidential informant. When we went to the residence, we found marijuana inside the residence which we were expecting to find. *We also found marijuana in a vehicle we felt was involved,* and we arrested both the owner of the residence *and the owner of the vehicle.*

(Emphasis added). There is no evidence in the record as to when the vehicle arrived at the premises or whether it was present on the premises at the time the search commenced.

The following testimony was later elicited from Sergeant Lucas:

> [THE STATE]: Prior to the presentation of the search warrant to Judge Geick, what caused you to list the 1981 Chrysler of Mr. Flores in the affidavit? [2]
>
> A: We did surveillance on the location that we executed the search warrant on, of the vehicle that was there when we arrived. It left and came back, and we had information that the driver of that vehicle was involved before.
>
> [THE STATE]: *Did you make this known to Judge Geick?*
>
> A: *I don't remember at this time whether we told him that or not.*

2. The Honorable Gary A. Geick was the magis- ·trate who issued the warrant.

[THE STATE]: *Would this information that you had at your disposal be something that you could have discussed with Judge Geick?*

A: *Yes sir.*

[THE STATE]: Those are all the questions I have.

[DEFENSE COUNSEL]: You can't say under oath—in fact, to the contrary. *You did not place that information in the probable cause affidavit which Judge Geick is to use to determine probable cause, did you?*

A: *Not in the affidavit, no, sir.*

(Emphasis added).

Appellant contends that the affidavit for the search warrant failed to establish probable cause for the search of his vehicle and that the trial court erred by failing to grant his motion to suppress evidence found as a result of that search.

 The search of a person must be supported by probable cause particularized with respect to that person. *Ybarra v. Illinois,* 444 U.S. 85, 90, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979). This requirement cannot be avoided by pointing to the fact that there may be probable cause to search the premises where the person may happen to be. *Id.* A search warrant authorizing a search of particularly described premises may permit the search of vehicles *owned or controlled by the owner of, and found on, the premises. United States v. Percival,* 756 F.2d 600, 612 (7th Cir.1985) (emphasis added). In order to search a vehicle not owned and controlled by the owner of the premises to be searched, the vehicle must be particularly described *and the affidavit must include probable cause evidence to support searching that particular vehicle. State v. Barnett,* 788 S.W.2d 572, 575 (Tex.Crim.App. 1990) (emphasis added).

Appellant cites *Barnett* as controlling in this case. In *Barnett,* the police were searching a residence pursuant to a search

warrant when the defendant drove up to the premises.[3] 788 S.W.2d at 574. The police arrested the defendant, searched his vehicle, and discovered a small amount of amphetamine. *Id.* The defendant moved to suppress the evidence, arguing it was the product of an illegal search that exceeded the scope of the warrant. *Id.* at 573. The trial court was persuaded by the defendant's argument and granted the motion to suppress, but the court of appeals reversed, reasoning that information about the defendant, which was not included within the warrant affidavit, but was brought out in the testimony of the arresting officer during the hearing on the motion to suppress, somehow brought the car into the scope of the warrant. *Id.* at 575. The Court of Criminal Appeals reversed the court of appeals and affirmed the trial court, noting that although there may well have been contraband in the vehicles on the premises, the search of vehicles not owned and controlled by the owner of the premises requires an officer to explain under oath to the magistrate what probable cause existed for that search. *Id.* at 576.

 In the present case, although the affidavit did describe the vehicle, it incorrectly stated that the vehicle was owned and controlled by the owners of the suspected premises rather than appellant. At the hearing on the motion to suppress, Sergeant Lucas testified that he was aware that appellant was the actual owner of the vehicle and that he had probable cause to suspect that the vehicle contained contraband based on his surveillance of the vehicle as it arrived and departed from the suspected premises. None of these facts, however, were included within the four corners of the affidavit and presented to the magistrate. This Court must determine the legal adequacy of an affidavit in support of a search warrant by reviewing it within its four corners. *Doescher v. State,* 578 S.W.2d 385, 387 (Tex.Crim. App. [Panel Op.] 1979). A review of the warrant affidavit in the present case shows

---

**3.** The warrant affidavit in *Barnett* described the "suspected place" in some detail but failed to list any suspected vehicles, instead it simply attempted to expand the scope of the search by the use of the phrase "including all vehicles, outbuild-

ings, and places on the premises." *Barnett,* 788 S.W.2d at 575. The defendant did not own or control the "suspected premises" described in the warrant affidavit. *Id.* at 573.

that it failed to establish probable cause for the search of appellant's vehicle.

We sustain appellant's sole point of error.[4]

We reverse the judgment of the trial court and remand for a new trial.

---

**4.** The State did not argue the merits of appellant's point of error on appeal, but relied instead solely on the argument that appellant had waived his right to appeal by failing to conform with the requirements of rule 40(b)(1). However, at the pre-trial hearing on the motion to suppress, the State argued that *Hughes v. State,* 843 S.W.2d 591, 593–94 (Tex.Crim.App.1992), controlled the present case. *Hughes* held that independent probable cause was not needed to allow the search of vehicles listed on the warrant affidavit. *Id.* at 594. The Court in *Hughes,* however, distinguished the holding of that case from *Barnett* because the vehicle in issue in *Barnett* was not on the premises when the search began *and was not under the control of the owner or occupant of the premises. Id.* Thus *Hughes* is inapplicable to this case.