TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00648-CR







The State of Texas, Appellant



v.



Keith LaRosa, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR93-0546-B, HONORABLE DICK ALCALA, JUDGE PRESIDING








 Appellee Keith LaRosa was indicted for possession of a controlled substance, to
wit: lysergic acid diethylamide. See Controlled Substances Act, 71st Leg., R.S., ch. 678, sec.
1, § 481.115(a), 1989 Tex. Gen. Laws 2230, 2936 (Tex. Health & Safety Code Ann.
§ 481.115(a), since amended). After a preliminary hearing, the trial court granted LaRosa's
motion to suppress. The State appeals. We will reverse the trial court's ruling and remand the
cause to the trial court.



THE CONTROVERSY


 On July 5, 1993, members of the Rio Concho Multi-Agency Drug Enforcement
Task Force, based on an informant's tip, executed a search-warrant for 1521 Greenwood,
apartment number one, in San Angelo, Texas. The search warrant affidavit described the place
to be searched, including all vehicles on the premises. However, the search warrant did not
specifically describe any vehicle or state probable cause for any vehicles to be searched. The case
agent in charge of executing the search warrant knew that LaRosa lived at the place to be
searched, but an arrest warrant, executed along with the search warrant, recited only information
about LaRosa's roommate without mentioning LaRosa. There were seventeen items of evidence
seized in the first floor of the duplex, while LSD was found in LaRosa's wallet in a Nissan Pulsar
automobile parked in the garage of the residence. The Nissan automobile was registered to
Teresita LaRosa, appellee's mother. At the suppression hearing, the trial court ordered that all
evidence seized as a result of the search of the Nissan vehicle in the garage be suppressed. 

STANDING


 In its first point of error, the State asserts the trial court erred in granting the
motion to suppress because LaRosa lacked "standing" to contest the search of the vehicle. The
State failed to raise the issue of standing in the trial court. As a general rule, the State may raise
the issue of standing for the first time on direct appeal when a convicted defendant challenges a
trial-court's overruling of a motion to suppress. Boyle v. State, 820 S.W.2d 122 (Tex. Crim.
App. 1989), cert. denied, 112 S.Ct. 1297 (1992); Angel v. State, 740 S.W.2d 727 (Tex. Crim.
App. 1987); Wilson v. State, 692 S.W.2d 661 (Tex. Crim. App. 1984). In its role as appellant,
the State bears the burden of proving that the trial court committed reversible error. State v.
Nolan, 808 S.W.2d 556, 559 (Tex. App.--Austin 1991, pet. ref'd). The State may not complain
on appeal that LaRosa lacked standing because it did not present this contention to the trial court. 
Id. at 559; see also Wilson, 692 S.W.2d at 667-68. We overrule the State's first point of error.


SCOPE OF THE SEARCH WARRANT


 In its second point of error, the State complains the trial court erred in suppressing
the evidence because the vehicle was covered by the search warrant. Absent a clear abuse of
discretion, an appellate court must defer to the trial court's ruling on a motion to suppress. 
Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985); State v. Carr, 774 S.W.2d 379,
380 (Tex. App.--Austin 1989, no pet.). The search warrant affidavit described the place to be
searched, "including all other vehicles, outbuildings or places on the premises." The officer in
charge testified that the Nissan automobile was parked in the garage adjacent to the first floor of
the house. A vehicle search is valid if it is on the premises described in the warrant at the time
of the initiation of the search and is subject to the control of the occupants of the premises. 
Hughes v. State, 843 S.W.2d 591, 594-95 (Tex. Crim. App. 1992); Bower v. State, 769 S.W.2d
887, 905 (Tex. Crim. App. 1989), overruled on other grounds by Heitman v. State, 815 S.W.2d
685 (Tex. Crim. App. 1991), cert. denied, 492 U.S. 927 (1989). 

 A search warrant need only "identify, as near as may be, that which is to be seized
and name or describe, as near as may be, the person, place, or thing named." Tex. Code Crim.
Proc. Ann. art. 18.04(2) (West 1977). The specificity requirements of a search warrant are
satisfied if there is "probable cause to believe that the items would be located in the general
location . . . . To require anything more specific would be to require the impossible." Hughes,
843 S.W.2d at 594 (citing Bower, 769 S.W.2d at 905). Based on the informant's tip, there was
probable cause to believe that contraband would be found somewhere in or about the residence. 
The residence generally includes the automobiles parked inside a garage and on the premises. 
Hughes, 843 S.W.2d at 594. A lawful search of a premises extends to every part of the premises
in which the contraband may be found, regardless of the fact that the police may perform separate
acts of opening or entering in order adequately to conduct the search. Id. at 595 (citing United
States v. Percival, 756 F.2d 600, 612 (7th Cir. 1985)). 

 The case at bar is distinguishable from State v. Barnett, 788 S.W.2d 572 (Tex.
Crim. App. 1990), (1) which also involved a search warrant that covered every vehicle on the
premises. In Barnett, the defendant arrived at the premises named in the warrant forty-five
minutes after the search began. This court ruled the evidence admissible, State v. Barnett, 764
S.W.2d 896 (Tex. App.--Austin 1989), but the Court of Criminal Appeals held that the defendant's
car was constitutionally protected because the search-warrant affidavit did not particularly describe
the car or state any reasons for the search of the car. Barnett, 788 S.W.2d at 576-77. The court
rejected the concept of a "search zone" authorized by warrant in order to protect "visitors or other
travelers who may have unwittingly moved or parked their cars in an area being scanned for
contraband." Id. at 577. 

 The Barnett situation differs from the cause at hand in that LaRosa was a tenant of
the premises described and a vehicle under his control was parked in the garage on the premises
described in the warrant. LaRosa was not a mere visitor subjected to a search because of the
unfortunate timing of his arrival. See also Bell v. State, 845 S.W.2d 454, 457 (Tex. App.--Austin
1993, no pet.) (warrant authorizing search of house and arrest of named person who controlled
the house and "other persons whose names and identities are unknown" did not authorize search
of defendant standing on porch when police arrived because defendant was not resident or occupant of house and warrant did not name or specifically describe defendant). 
Because the search was lawful, we must reverse and hold the trial court below abused its
discretion in suppressing the contraband found in the vehicle on the premises. 

 In light of our decision, it is unnecessary to address the State's third point of error
regarding the good-faith exception to the exclusionary rule.

 LaRosa attempts to raise one cross-point of error claiming that article 44.01(f) of
the Texas Code of Criminal Procedure is unconstitutional in that it denies LaRosa access to
counsel at a critical stage in the proceedings. Tex. Code Crim. Proc. Ann. art. 44.01(f) (West
Supp. 1995). This issue was not raised in a separate notice of appeal. LaRosa has no right to an
interlocutory cross-point of error in an appeal by the State under article 44.01. State v. Vogel,
852 S.W.2d 567, 570 (Tex. App.--Dallas 1992, pet. ref'd); State v. Garcia, 823 S.W.2d 793 (Tex.
App.--San Antonio 1992, pet. ref'd). Appellee's cross-appeal is dismissed for want of jurisdiction. 


 We reverse the trial-court order granting the motion to suppress and remand the
cause for further proceedings consistent with this opinion. 



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded


Filed: April 19, 1995


Do Not Publish
1. See Hughes, 843 S.W.2d at 594 n.4 (Barnett distinguishable in that "vehicle at issue arrived
at the premises after the search had begun and the vehicle did not belong to and was not within
the control of the owner or occupant of the premises").