Dowell-TA v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-167-CR

     THOMAS ALVIN DOWELL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 282nd District Court
Dallas County, Texas
Trial Court # F94-60177-S
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Dowell appeals from his conviction for possession with intent to deliver heroin
(with one enhancement conviction found "true"), for which he was sentenced to 30 thirty years
in the Texas Department of Criminal Justice, Institutional Division.
      Police Officers were executing a search and arrest warrant at the premises of 3014 Reed Lane
in Dallas on October 11, 1994. The search and arrest warrant recited that the premises were
suspected to contain a controlled substance, to-wit: Heroin. The search and arrest warrant further
recited that the premises were in charge of and controlled by "an unknown black male being
described as approximately 38 years-of-age, 5'11" in height, weighing approximately 160 pounds,
with black hair and beard."
      When the police-entry-team van arrived at the premises' address, the officers observed a car
in the front yard. The car was pulling away from house, so the police blocked the car. Appellant
was the driver of the car. The police stopped the car in the yard and ordered the occupants to
raise their hands and exit the car. As Appellant exited, Officer Willis noticed a brown pill-bottle
on the driver's seat. The bottle of pills was seized. It contained capsules of heroin and capsules
of cocaine.
      Appellant was indicted for possession with intent to deliver a controlled substance, to-wit: 
Heroin of 4 grams or more but less than 200 grams. The indictment alleged two prior felony
convictions.
      Appellant filed a motion to suppress the evidence, i.e., the heroin, which the trial court
overruled. The trial court also overruled a re-urged motion to suppress at trial and admitted the
heroin into evidence.
      Trial was before the court which found Appellant guilty of possession of 2.38 grams of
heroin, found one alleged prior felony conviction "true," and sentenced Appellant to 30 years in
prison.
      In two points of error, Appellant asserts the seizure of the heroin constituted a violation of
the Fourth Amendment of U.S. Constitution, and a violation of Article I, Section 9, of the Texas
Constitution. Both constitutions provide, in pertinent part, that the people shall be secure in their
persons, houses, and effects against unreasonable searches and seizures.
      Specifically, Appellant argues that the search violated the U.S. and Texas Constitutions
because the heroin was seized from the car without a warrant authorizing a search of the car, and
because he was arrested without a warrant specifically naming him.
      The police possessed a combination search and arrest warrant. It authorized the search of the
premises at 3014 Reed Lane for heroin, and authorized the arrest of an unnamed described
offender. Combination search and arrest warrants are permissible when supported by probable
cause. Tex. Code Crim. Proc. art. 18.03; Pecina v. State, 516 S.W.2d 401, 402, 403 (Tex.
Crim. App. 1974). A search warrant may be issued to search for and seize . . . drugs kept,
prepared, or manufactured in violation of law. Tex. Code Crim. Proc. art. 18.02(7). A warrant
of arrest may be issued when any person shall make an oath before a magistrate that another has
committed some offense against the laws of this state. Tex. Code Crim. Proc. art. 15.03(a)(2).
      The police arrived at 3014 Reed Lane pursuant to a warrant to search the premises. The car
appellant was driving was on the premises described in the warrant when the police arrived. Thus,
under the warrant, the police were authorized to search the car. Appellant has not challenged the
validity of the warrant. The search of the car located on the premises is searchable under a
warrant and does not require a separate showing of probable cause; it is sufficient that there is
probable to cause to believe the items searched for are on the premises, and the car was on the
premises. A warrant authorizing a search of "the premises" allows the search of automobiles at
those premises. Hughes v. State, 843 S.W.2d 591, 593, 594; United States v. Singer, 970 F.2d
1414, 1417; United States v. Percival, 756 F.2d 600, 612. When heroin and cocaine were found
in the car, Appellant was lawfully arrested.
      The combination search-arrest warrant, the officers were in possession of, stated that a
controlled substance, i.e., heroin was kept there; and the premises were in charge of and
controlled by "an unknown black man being described as approximately 38 years-of-age, 5'11"
in height, weighing approximately 160 pounds, with black hair and a beard." Officer Foster
testified that Appellant was a black male, 5'11" tall, 42 years-of-age, and weighed 160 pounds. 
Because Appellant's appearance was "very close" to the description of the offender in the warrant
and because Appellant was present at the location of the offense described in the warrant,
Appellant was lawfully arrested pursuant to the warrant. Walthall v. State, 594 S.W.2d 74, 81
(Tex. Crim. App. 1980); Rice v. State, 548 S.W.2d 725 (Tex. Crim. App. 1977). Because
Appellant was lawfully arrested pursuant to the warrant, he was subject to search incident to the
arrest. Rogers v. State, 774 S.W.2d 247, 264 (Tex. Crim. App. 1989). Upon removing
Appellant from the car, the heroin and cocaine were found. The drugs were lawfully seized and
were admissible in evidence.
      For either reason addressed above, the trial court properly overruled Appellant's motion to
suppress and correctly admitted the heroin into evidence.
      Appellant's two points of error are overruled.
      Since the trial court found Appellant possessed 2.38 grams of heroin, rather than four or more
but less than 200 grams as alleged in the indictment, Appellant is entitled to a reformation of the
judgment. Ashberry v, State, 813 S.W.2d 526, 529 (Tex. App. —Dallas 1991).
      The judgment is reformed to reflect that Appellant possessed 2.38 grams of heroin. The
punishment assessed is within the range for conviction for 2.38 grams of heroin (enhanced by a
prior conviction) and is not affected.
      The judgment, as reformed, is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Reformed and affirmed
Opinion delivered and filed September 25, 1996
Do not publish