NO. 07-09-00234-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
6, 2010

 



 

THE STATE OF TEXAS, APPELLANT

 

v.

 

CHRIS ALLEN MCLAIN, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B18002-0904; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

 

OPINION

The State of Texas appeals the
granting of a motion to suppress by the trial court.[1]  Appellee, Chris Allen McLain, was arrested
and indicted for possession with intent to deliver a controlled substance,
methamphetamine, in an amount of four grams or more but less than 200 grams.[2]  We affirm.

 

Factual and Procedural Background

On February 27, 2009, a Plainview
police officer presented an affidavit requesting a search warrant to search a
business and residence at 3607 North Columbia in Plainview, Texas.  The affidavit further alleged that the
location to be searched was controlled by appellee.  A search was conducted and officers found
several items of contraband, among which was over 100 grams of methamphetamine.


 A Hale County Grand Jury subsequently indicted
appellee on a charge of possession with intent to
deliver methamphetamine, in an amount of four grams or more but less than 200
grams.  Appellee’s
trial counsel filed a motion to suppress the contraband seized as a result of
the search authorized by the warrant. 
The trial court held a hearing on appellee’s
motion to suppress on June 29, 2009.  At
the conclusion of the hearing, the trial court requested briefs from both
parties setting forth their arguments. 
After receiving the briefs, the trial court granted the motion to
suppress on July 14, 2009.  At the
request of the State, the trial court filed findings of fact and conclusions of
law on July 15, 2009.

The State has brought forth two
issues on appeal.  First, the State
contends that the trial court abused its discretion by granting the motion to
suppress.  Second, the State alleges that
the good faith exception contained in article 38.23 of the Texas Code of
Criminal Procedure[3]
applies.  Disagreeing with the State, we
will affirm the judgment of the trial court.

Standard of Review

The State contends that the trial
court abused its discretion when it granted the appellee’s
motion to suppress the evidence seized when the search warrant was served.  We normally review a trial court’s ruling on
a motion to suppress by using a bifurcated standard of review, wherein we give
almost total deference to the historical facts found by the trial court and
review de novo the trial court’s
application of the law.  Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App.
2007).  However, when the trial
court is determining probable cause to support the issuance of a search warrant
there are no credibility determinations, rather the trial court is constrained
to the four corners of the affidavit.  Hankins v. State, 132 S.W.3d 380, 388 (Tex.Crim.App.
2004).  Accordingly, when we
review the magistrate’s decision to issue a warrant, we apply a highly
deferential standard.  Swearingen v.
State, 143 S.W.3d 808, 810-11 (Tex.Crim.App.
2004).  We apply this deferential
standard because we have a constitutional preference for searches to be
conducted pursuant to a warrant as opposed to warrantless searches.  Id. at 810. (citing Illinois v. Gates, 462 U.S. 213, 234-37, 76
L.Ed.2d 527, 103 S.Ct. 2317 (1983)).  As long as the magistrate had a substantial
basis for concluding that probable cause existed, we will uphold the
magistrate’s probable cause determination. 
Gates, 462 U.S. at 236.  

For purposes of our review, we will
find probable cause to exist when the affidavit shows facts and circumstances
within the affiant’s knowledge to warrant a person of caution to believe that
1) a specific offense has been committed, 2) the property to be searched or
items to be seized constitute evidence of the offense or evidence that a
particular person committed the offense, and 3) the property or items are
located at or on the person, place, or thing to be searched.  Art. 18.01(c); Hughes v.
State, 843 S.W.2d 591, 593 (Tex.Crim.App. 1992).  Finally, we are instructed not to analyze the
affidavit in a hyper-technical manner.  Gates,
462 U.S. at 236.  Rather, when we review
the magistrate’s determination, we should interpret the affidavit in a
commonsensical and realistic manner, recognizing that the magistrate may draw
reasonable inferences.  Rodriguez v. State, 232 S.W.3d 55, 61 (Tex.Crim.App.
2007).  

Analysis

According to the findings of fact
issued by the trial court, the court found that the affidavit lacked any
specificity regarding when the matters referenced within its four corners
occurred.  The only mention of time
within the four corners of the affidavit is the following statement: “In the
past 72 hours, a confidential informant advised the Affiant that Chris was seen
in possession of a large amount of methamphetamine at his residence and
business.”  The State urges that we view
this statement as implying that the observation of the methamphetamine occurred
within the 72 hours before the execution of the affidavit.  However, such an implication is not supported
by the plain text of the affidavit.  We
agree with the trial court that, given a common sense reading, the affidavit’s
reference to the “past 72 hours” speaks to when the affiant spoke to the
confidential informant, not when the confidential informant acquired the
information.

 
All we can determine from the four corners of the affidavit is when the
affiant spoke to the confidential informant. 
As the only time reference given in the affidavit is the one described
above, the affidavit fails to provide probable cause for it fails to meet the
requirements of article 18.01(c).  See
art. 18.01(c). 
The affidavit fails to give the magistrate any idea of when any of the
activity which allegedly supports the issuance of a warrant occurred.  See Davis v. State, 202 S.W.3d 149, 155 (Tex.Crim.App.
2006).  The failure to describe when the
events referred to took place is fatal to the efficacy of the affidavit.  Schmidt v. State,
659 S.W.2d 420, 421 (Tex.Crim.App. 1983).  Because the affidavit fails to meet the
requirements of article 18.01(c), there can be no probable cause for the
issuance of a search warrant.  Id.  Accordingly, the trial court did not abuse
its discretion in granting appellee’s motion to
suppress.  We, therefore, overrule the
State’s first issue.

Article 38.23(b)

We will next address the State’s
second contention.  The State alleges,
because appellee’s motion to suppress was based on
claims that the search in question violated the Fourth Amendment to the United
States Constitution and Article I, section 9 of the Texas Constitution and did
not specifically request exclusion of the evidence pursuant to article
38.23(a), that the good faith exception of article 38.23(b) applies to allow
the State to use the evidence.

First, the position of the State
ignores the plain language of article 38.23(b),   which states:

It is an exception to the provisions of Subsection (a) of this Article
that the evidence was obtained by a law enforcement officer acting in objective
good faith reliance upon a warrant issued by a neutral magistrate based on
probable cause.

art. 38.23(b).

            When we construe a statute, we look at the plain meaning
of the words used in the statute unless the language is ambiguous or its plain
meaning leads to absurd results.  Swearingen
v. State, No. AP-76,073, 2010 Tex.Crim.App.
LEXIS 9, at *8 (Tex.Crim.App.
February 10, 2010).  Looking at the plain
meaning of the statute, it is clear, that in order for the exception that the
State urges to apply, there must first be probable cause.  See Carroll v. State, 911 S.W.2d 210, 223 (Tex.App.—Austin
1995, no pet.) (citing Curry v. State, 808
S.W.2d 481, 482 (Tex.Crim.App 1991)).  Inasmuch as we have determined that the trial
court did not abuse its discretion in finding that the affidavit in support of
the search warrant did not provide probable cause, the exception of article
38.23(b) does not apply.  Therefore, we
overrule the State’s second issue.

Conclusion

            Having
overruled the State’s issues, we affirm the trial court’s judgment.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Publish. 

Pirtle, J., concurring.  

 











[1]
See
Tex. Code Crim. Proc.
Ann. art. 44.01(a)(5) (Vernon 2007).

 





[2] See Tex.
Health & Safety Code Ann. § 481.112(a), (d) (Vernon Supp. 2009)





[3]
Further reference to the Texas Code of Criminal
Procedure will be by reference to “article __” or “art. __.”