**Opinion issued December 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-14-00675-CR**

**NO. 01-14-00676-CR**

————————————

**ISREAL MONTOYA ALCARAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1394947 & 1394948**

---

# O P I N I O N

Appellant, Israel Montoya Alcaraz, pleaded guilty to the offenses of

aggravated sexual assault of a child and possession of child pornography, without

an agreed punishment recommendation from the State.[1] After a pre-sentence investigation ("PSI") hearing, the trial court sentenced Appellant to fifty years in prison for the aggravated-sexual assault offense and to ten years in prison for the child-pornography offense, with the sentences to run concurrently. The court also assessed court costs against Appellant, totaling $679 in each case.

Appellant appeals both judgments, raising the same three issues in each appeal. He challenges two of the court costs assessed against him, and he requests that we reform the judgments to reflect that he had the right to appeal.

We affirm the judgments, as modified.

### Right to Appeal

Here, both judgments of conviction contain the following special finding: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." In his third issue, Appellant requests that we reform the judgments to remove this special finding because he did not waive his right to appeal either judgment. The State agrees that Appellant did not waive his right to appeal in either case. The State does not oppose Appellant's request to modify the judgment.

Supplemental clerk's records, filed in each appeal, contain certifications signed by the trial court indicating that Appellant has a right to appeal each

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2014) (aggravated sexual assault of a child); TEX. PENAL CODE ANN. § 43.26(a) (Vernon Supp. 2014) (possession of child pornography).

2

judgment. The record supports the trial court's certifications. Specifically, the record shows that neither case was a plea-bargain case; there was no agreed sentencing recommendation when Appellant pleaded guilty to the offenses. *See* TEX. R. APP. P. 25.2(a)(2). The record also does not otherwise show that Appellant waived his right to appeal. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that "a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver"). Thus, we agree with Appellant that the judgments should be modified to delete the special finding that Appellant waived his right to appeal in each case. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment . . . to make the record speak the truth . . . .").

We sustain Appellant's third issue in each appeal.

## DNA-Testing Cost

In his first issue, Appellant challenges a statutorily-required fee, related to DNA testing, which was assessed against him.

The clerk's record in each case contains a bill of cost, itemizing the costs assessed against Appellant in the judgments. One of the costs listed in each judgment is a $250 "DNA-testing fee." Appellant acknowledges that the fee is statutorily required to be assessed as a cost of court pursuant to Code of Criminal

3

Procedure Article 102.020, which provides that "[a] person shall pay as a cost of court: (1) $250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code." TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(1) (Vernon Supp. 2014). Appellant also acknowledges that aggravated-sexual assault and child pornography are offenses listed in Government Code Section 411.1471(a)(1), and he recognizes in his brief that "the $250 cost was properly included in the bill of costs." *See* TEX. GOV'T. CODE ANN. § 411.1471(a) (Vernon 2012).

Despite these acknowledgements, Appellant asserts that the DNA-testing fee constitutes "an unconstitutional tax." To support this assertion, Appellant relies on this Court's decision in *Peraza v. State*, 457 S.W.3d 134 (Tex. App.—Houston [1st Dist.] 2014) ("*Peraza I*"). There, relying on the Court of Criminal Appeals' analysis in *Ex Parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942), the majority panel of this Court held that the same $250 DNA fee Appellant challenges here was an unconstitutional tax, making the relevant portions of Article 102.020 facially unconstitutional. *See Peraza I*, 457 S.W.3d at 149. However, since Appellant filed his brief in the instant appeals, the Court of Criminal Appeals reversed this Court's decision in *Peraza*. *See Peraza v. State*, 467 S.W.3d 508, 521 (Tex. Crim. App. 2015). In its analysis, the Court of Criminal Appeals rejected the standard it had espoused in *Carson*, upon which this Court's majority panel had relied. *See id.* at 517. The Court of Criminal Appeals held that the $250

4

DNA fee, required to be assessed by Article 102.020, was not an unconstitutional tax, as Appellant asserts here. *Id.* at 515–16.

Accordingly, we overrule Appellant's first issue in each appeal.

**Sheriff's Fee**

In his second issue, Appellant requests this Court to modify the judgments to remove a $5 sheriff's fee that he claims has no support in the record.

Code of Criminal Procedure Article 102.011(a) provides that a defendant convicted of a felony or a misdemeanor shall pay certain fees for services performed in the case by a peace officer. TEX. CODE CRIM. PROC. ANN. art. 102.011(a) (Vernon Supp. 2014). Under this provision, a convicted defendant must pay a $5 fee when a peace officer arrests him without a warrant, and he must pay a $50 fee when a peace officer executes or processes an arrest warrant or capias. *Id.* § 102.011(a)(1), (2).

Here, each bill of costs reflects that Appellant has been charged a $5 fee for "arrest w/o warrant/capias" and was also charged a $50 fee for "serving capias." Appellant asserts that he could not have been arrested both with and without a warrant or capias. He states that it had to be one or the other.

As the State points out, Article 102.011(e) provides:

A fee under Subsection (a)(1) or (a)(2) of this article shall be assessed on conviction, regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each

5

arrest made of a defendant arising out of the offense for which the defendant has been convicted.

*Id.* § 102.011(e).

The record from the PSI hearing indicates that, when the police attempted to execute the arrest warrants, Appellant fled in his vehicle, leading police on a twenty-mile chase. Appellant was finally arrested when his vehicle ran out of fuel. In addition to the two instant offenses, Appellant was also charged with the offense of evading arrest, which was dismissed by the State when Appellant pleaded guilty to the aggravated-sexual assault and child-pornography offenses. Based on the facts presented in the record, the arrest for the evading-arrest charge, which arose from the offenses for which Appellant was convicted, was without a warrant. Thus, the record supports the $5 fee assessed against Appellant for an arrest without a warrant. *See id.*

We overrule Appellant's second issue in each appeal.

## Conclusion

We affirm the judgments of the trial court, as modified.


                                   Laura Carter Higley
                                   Justice

Panel consists of Justices Jennings, Higley, and Brown.

Jennings, J., concurring.

Publish. TEX. R. APP. P. 47.2(b).