**Opinion issued May 19, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00832-CR

————————————

**JOSEPH DARYL MATHIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Case No. 1173963

## MEMORANDUM OPINION

Appellant Joseph Daryl Mathis appeals a trial court judgment adjudicating him guilty of aggravated assault of a public servant. In a sole point of error, Mathis contends that the judgment erroneously states that he pleaded "True" to allegations in the State's motion to adjudicate his guilt and asks that we reform the

judgment to reflect that he pleaded "Not True." We modify the judgment to strike the finding that appellant waived his right to appeal and we affirm as modified.

## Background

Mathis was charged by indictment with aggravated assault of a public servant. Pursuant to a plea agreement with the State, Mathis pleaded guilty to the charged offense and the trial court placed Mathis on a five year term of deferred-adjudication community supervision. During Mathis's term of supervision, the State filed a motion to adjudicate his guilt, alleging that Mathis had violated several conditions of his probation. After holding a hearing on the motion, the trial court found several—but not all—allegations true and assessed his punishment at seven years' confinement.

## Discussion

In his sole point of error, Mathis contends that the trial court's judgment of conviction erroneously states that he pleaded "True" to the allegations in the motion to adjudicate rather than "Not True" and asks that we reform the judgment accordingly. Though the State does not join Mathis in his request, the State does not oppose reformation.

"An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the

2

case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)); *see also* TEX. R. APP. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified"); *Bernard v. State*, 401 S.W.3d 145, 150 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (reforming judgment to state that appellant pleaded "guilty" to the charged offense where record reflected that appellant pleaded "guilty," but trial court's judgment erroneously reflected that appellant pleaded "not guilty"); *Houston v. State*, No. 01-98-01311-CR, 2000 WL 964646, at *1 (Tex. App.—Houston [1st Dist.] July 13, 2000, no pet.) (not designated for publication) (based on record reflecting that appellant pleaded "no contest," judgment erroneously stating that appellant pleaded "Guilty" reformed to state that appellant pleaded "no contest").

The authority of the courts of appeals to reform judgments is not limited to mistakes of a clerical nature. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). "Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record." *Asberry*, 813 S.W.2d at 529. An appellant bears the burden to bring forth a record showing error requiring modification, and we must assume that any omissions therefrom support the judgment as entered. *Johnson v. State*, 409 S.W.3d 738, 742–43 (Tex. App.—

3

Houston [1st Dist.] 2013, no pet.) (first citing *Diaz–Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); then citing *Applewhite v. State*, 872 S.W.2d 32, 33 (Tex. App.—Houston [1st Dist.] 1994, no pet.)).

Here, the record does not provide the information necessary to modify the trial court judgment as requested. The reporter's record does not include Mathis's plea to the motion to adjudicate. Apart from the trial court's docket sheet, Mathis does not point us to any portion of the record to support his contention that the judgment erroneously reports that he pleaded "True." The docket sheet contradicts the judgment insofar as it reflects that Mathis pleaded "Not True" to the allegations in the State's motion to adjudicate, but a contradictory docket entry is not an adequate basis from which to reform a trial court's judgment. *See Rodriguez v. State*, 834 S.W.2d 592, 595 (Tex. App.—Houston [1st Dist.] 1992), *remanded in part on other grounds*, 844 S.W.2d 744 (Tex. Crim. App. 1992); *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977) (citations omitted) ("A docket entry may supply facts in certain situations, but it cannot be used to contradict or prevail over a final judicial order."). "The record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal." *Bell v. State*, 734 S.W.2d 83, 84 (Tex. App.—Austin 1987, no pet.); *see also Flores v. State*, 888 S.W.2d 193, 195 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (explaining that "the docket sheet is merely a record kept by the clerk showing the order and nature of

the proceedings for each criminal action" (citing TEX. CODE CRIM. PROC. ANN. art. 33.07 (Vernon 1965))).  Because the record does not provide information necessary to reform the judgment, we cannot do so.  *Cf. Nolan*, 39 S.W.3d at 698–99 (examining clerk's and reporter's records to identify errors in judgment and reforming judgment accordingly).

Accordingly, we overrule Mathis's sole issue.

## Nunc Pro Tunc

Though the trial court filed a signed certification reflecting that Mathis did have a right of appeal, the trial court's judgment included a contrary special finding stating "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."  Upon noting this discrepancy, we remanded to the trial court for clarification in order to be assured of our jurisdiction.  *See* TEX. R. APP. P. 44.4. During an abatement hearing to address the discrepancy, the trial court explained that the special finding in its judgment denying Mathis a right to appeal was a clerical error and that Mathis indeed has the right to appeal.

In an attempt to correct this clerical error, the trial court entered judgment nunc pro tunc.  However, the judgment nunc pro tunc further modified the original judgment to change the "Findings on Deadly Weapon" entry from "N/A" to "Yes, Not a Firearm" and adding a special deadly weapon finding.  In doing so, the trial court improperly exceeded the scope of the abatement order.  *See Lewis v. State*,

5

711 S.W.2d 41, 43–44 (Tex. Crim. App. 1986); *Kay v. State*, No. 01–13–00595–CR, 2014 WL 3697917, at \*5 (Tex. App.—Houston [1st Dist.] July 24, 2014, no pet.) (mem. op., not designated for publication). More importantly, the trial court deprived Mathis of due process when it added an affirmative deadly weapon finding without notice and a hearing. *See Guthrie-Nail v. State*, -- S.W.3d --, 2015 WL 5449642, at \*1 (Tex. Crim. App. Sept. 16, 2015) (providing that it is "beyond dispute" that an appellant is entitled to notice and hearing prior to issuance of an unfavorable nunc pro tunc judgment that newly adds an affirmative deadly weapon finding); *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) ("Before any unfavorable nunc pro tunc orders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law."). At the abatement hearing, discussion was focused exclusively on the issue raised by our abatement order: the misstatement of Mathis's right to appeal in the original judgment. Yet, apparently without notice to the parties, the trial court's judgment nunc pro tunc added an affirmative deadly weapon finding that negatively effects Mathis. *See* TEX. GOV'T CODE § 508.145(d)(1) ("An inmate serving a sentence for . . . an offense for which the judgment contains an affirmative finding under [TEX. CODE CRIM. PROC. art. 42.12] Section 3g(a)(2) . . . is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals

one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years."). In so doing, the trial court deprived Mathis of due process. *See Guthrie-Nail*, 2015 WL 5449642, at *1. Because the trial court's entry of judgment nunc pro tunc improperly exceeded the scope of our abatement order and violated Mathis's due process rights, we vacate the judgment nunc pro tunc.

Based on the record from that abatement hearing, however, it is clear that the special finding in the original judgment regarding Mathis's right to appeal was a clerical error. Accordingly, to make the original judgment speak the truth, we strike the erroneous special finding regarding Mathis's right to appeal and affirm the original judgment in all other respects. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment . . . to make the record speak the truth . . . ."); *Alcaraz v. State*, 481 S.W.3d 712, 713 (Tex. App.—Houston [1st Dist.] Dec. 3, 2015, pet. filed) (modifying judgment to delete erroneous special finding that appellant waived appeal).

## Conclusion

We vacate the November 16, 2015 Entry of Judgment Nunc Pro Tunc. We modify the special findings portion of the September 12, 2014 judgment to strike "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." We affirm the trial court's September 12, 2014 judgment as modified.


Rebeca Huddle
Justice

Panel consists of Justice Higley, Justice Huddle, and Justice Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

8