# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00269-CR

**Dexter Leon Hedspeth Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 05-364, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## O P I N I O N

Dexter Leon Hedspeth Jr. appeals from his conviction for the felony offense of possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(d) (West 2003). After the trial court denied his motion to suppress, appellant pleaded guilty. The trial court assessed punishment at ten-years' confinement and a $1,000 fine. In one issue, appellant appeals the denial of his motion to suppress, contending that the officers (i) lacked probable cause for the search of a vehicle, (ii) exceeded the scope of a search warrant for a motel room when they searched his vehicle, and (iii) were otherwise not authorized to search the vehicle. For the reasons that follow, we affirm the judgment of the trial court.

## BACKGROUND

Law enforcement officers with the Chisholm Trail Narcotics Task Force received information that appellant and Christina Ann Mackey had been trafficking in crack cocaine out of their motel room in Lockhart for approximately two months. Using a confidential informant, the officers conducted a controlled buy of the drug from appellant. Based on an affidavit enumerating the results of their ongoing investigation, on April 13, 2005, the officers applied for and obtained a search warrant for the following premises:

> Lockhart Inn Motel (room 217), 1207 Highway 183 South, Lockhart, Caldwell [sic], Texas 78644. A multi-unit commercial residence commonly described as a "motel."

The search warrant identified only the motel room as the "suspected place" to be searched.[1]

In addition to the motel room, the probable cause affidavit included vehicles controlled by appellant that were on the premises also as "suspected places" to be searched. The affidavit described the places to be searched as follows:

> The Lockhart Inn is located at 1207 Highway 183 South, Lockhart, Caldwell County, Texas. The front of the Lockhart Inn will face east towards Highway 183. The suspected room 217 is located in a multi-unit commercial residence commonly described as a "motel." The premises are described as one (1) multiple occupancy building consisting of two floors containing thirty (35) [sic] rooms. . . . The suspected room is 217 located on the second floor of the west side of the building. The numbers "217" is affixed to the front door.

---

[1] The warrant incorporated by reference the probable cause affidavit, and the affidavit was attached to the warrant.

2

The affidavit further included "any and all vehicles owned and or controlled by the person(s), which are located on the property named in this warrant."

As probable cause set forth in the affidavit accompanying the search warrant application, Lockhart police officer Neal Rogers averred in part: "It is common for individuals who deal in illegal controlled substances to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residence and/or motor vehicles for ready access and to conceal such items from law enforcement authorities." The affidavit identified appellant and Christina Ann Mackey as the individuals in control of the premises. The probable cause on which the search warrant was based included information provided by employees at the motel as well as a confidential informant who had made a controlled buy from appellant at the motel.

On April 16, the officers executed the search warrant. Appellant and Mackey were in the Lockhart Inn motel room. During the course of the search, the officers seized car keys from a table in the room. Appellant confirmed that the keys were his and that his vehicle was parked downstairs in the parking lot. Appellant told the officers that he was renting the car. In the ensuing search of his car, a 1995 white Pontiac Grand Am, the officers found approximately sixteen grams of crack cocaine under the driver's seat of the vehicle. The officers placed appellant under arrest. In a voluntary statement not challenged here, appellant stated that the cocaine was his.

The warrant, with attached affidavit, was received in evidence at a suppression hearing which included the testimony of Rogers and another officer, Jesus Hernandez, who participated in the execution of the search. Rogers testified that, as part of the investigation of

3

appellant, the officers had observed appellant driving a 1995 white Pontiac Grand Am.  Hernandez

testified about the search of the motel room and then the vehicle:

Q.     Now, were you specifically concerned about a vehicle?

A.     Yes, sir.

Q.     And searching a vehicle?

A.     Yes, sir.

Q.     Did you ask Mr. Hedspeth where was his vehicle?

A.     The vehicle was downstairs in the parking lot.

Q.     Did you know what type of vehicle he had been driving?

A.     Yes, sir.

Q.     What type of vehicle was that?

A.     A white four-door vehicle.

Q.     Did you ask Mr. Hedspeth if he had the keys to the vehicle?

A.     Yes, sir.

Q.     What did he say?

A.     They were on the table.  And I believe we had already seen—well, when we
       came in, we observed—I observed keys, and Mr. Hedspeth confirmed.

Q.     That those were the keys to his vehicle?

A.     Yes, sir.

Q.     Did you take those keys?

A.     Yes, sir, I did.

4

Q.      And did you and another officer go and begin a search of that vehicle?

A.      Yes, sir. But myself and Sergeant James Stuart went downstairs. I unlocked the vehicle from the passenger side. I started searching the passenger side and Sergeant Stuart the driver's side.

Q.      And you used those keys that you took from the hotel room there on the table to unlock this vehicle, correct?

A.      Yes, sir.

Q.      And was this specifically a 1995 white Pontiac Grand Am?

A.      Yes, sir.

Q.      And that vehicle was confirmed by the Defendant, Mr. Hedspeth, that it was his vehicle that he had been operating?

A.      Yes, sir.

On cross-examination, Hernandez testified that appellant told one of the officers that he was renting the vehicle. At the conclusion of the hearing, the trial court overruled appellant's motion to suppress, and appellant pleaded guilty to the felony offense of possession of cocaine. This appeal followed.

**DISCUSSION**

Appellant does not challenge the validity of the search warrant insofar as it relates to the motel room; nor does he challenge the search of the motel room. Rather, appellant complains that the trial court erred in denying the motion to suppress because no probable cause existed for the search of the vehicle and the officers exceeded the scope of the search warrant in searching appellant's vehicle. Appellant argues that because the motel parking lot is a common lot with no

5

designated parking spaces, there was no way to know which car belonged to appellant. The question, then, is whether the inclusion of the reference in the affidavit to "any and all vehicles owned and or controlled by" appellant "which are located on the property named" in the warrant is sufficiently particularized to uphold the search of appellant's vehicle. We hold that it is.

***Standard of Review***

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). A trial court's denial of a motion to suppress is reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). The trial court's findings of fact are given "almost total deference" and, in the absence of explicit findings, the appellate court assumes the trial court made whatever appropriate implicit findings that are supported by the record. *Carmouche*, 10 S.W.3d at 327-28; *Guzman*, 955 S.W.2d at 89-90.

In reviewing an affidavit in support of a search warrant on appeal, we give great deference to the magistrate's determination of probable cause. *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). We will sustain the determination if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing specified in the warrant. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *Swearingen*, 143 S.W.3d at 811. Whether the facts are sufficient to establish probable cause depends on the totality of the circumstances. The facts submitted to the magistrate must be sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *McKissick v. State*, 209 S.W.3d 205, 211 (Tex. App.—Houston

[1st Dist.] 2006, pet. ref'd). The affidavit must be interpreted in a "common sense and realistic manner," recognizing that reasonable inferences may be drawn from the affidavit. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004); *McKissick*, 209 S.W.3d at 212. The magistrate is not required to find proof beyond a reasonable doubt or by a preponderance of the evidence, but only a probability that contraband or evidence of a crime will be found in a particular place. *Ford v. State*, 179 S.W.3d 203, 212 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

***Search Warrant***

The Fourth Amendment prohibits unreasonable searches and seizures by government officials and grants individuals "the right . . . to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Because the Fourth Amendment protects persons against unreasonable searches of "their persons [and] houses," it is a personal right that must be invoked by an individual. *Id.*; *Katz v. United States*, 389 U.S. 347, 351 (1967) ("[T]he Fourth Amendment protects people, not places."). But the extent to which the Fourth Amendment protects people may depend upon where those people are. The "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).

There is a "strong preference for searches to be administered pursuant to a warrant." *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). A search warrant may not issue unless it is based upon probable cause. U.S. Const. amend. IV; Tex. Const. art. I, § 9. An application for a search warrant must be supported by an affidavit setting forth substantial facts

7

establishing probable cause. Tex. Code Crim. Proc. Ann. arts. 1.06 (West 2005), 18.01(b) (West Supp. 2007). The sufficiency of the affidavit is determined by considering the totality of the circumstances set forth within the four corners of the document. *Gates*, 462 U.S. at 234; *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996).

The Texas Court of Criminal Appeals has addressed the issue of probable cause in the context of a vehicle search at the premises that are the subject of a search warrant. *See Hughes v. State*, 843 S.W.2d 591, 594 (Tex. Crim. App. 1992); *Bower v. State*, 769 S.W.2d 887, 905 (Tex. Crim. App. 1989), *overruled on other grounds*, *Heitman v. State*, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991). In *Hughes*, the appellant asserted that the officers lacked probable cause to search vehicles included in the affidavit because the affidavit did not allege facts as to why the contraband might be found in the vehicles. The court held that the affidavit established probable cause to search the vehicles because it was reasonable to infer that the contraband could be moved "on or off the premises in vehicles." *Hughes*, 843 S.W.2d at 595. The court concluded that "[t]he informant's viewing of contraband in the house was sufficient to establish probable cause that contraband also may exist on other portions of the suspected premises including vehicles which are within the control of the owner or occupants of the premises." *Id*.

In *Bower*, the appellant was suspected of murder committed during the course of stealing an aircraft. *Bower*, 769 S.W.2d at 894-95. The search warrant authorized the search of Bower's house and three particularly described vehicles. *Id*. at 905. The officers had probable cause to believe the suspect possessed certain evidence, but they were not sure where at his residence such evidence might be found. *Id*. Bower asserted that there was no probable cause to show that the

evidence sought would be located in any of the three identified cars. *Id*. In analyzing how detailed the description of the location of the item sought must be, the court concluded that article 18.01 "merely requires that there be probable cause to believe that the items would be located in the general location, i.e., somewhere within appellant's residence, which included the automobiles parked inside his garage and on the premises. To require anything more specific would be to require the impossible." *Id*.

The court in *Hughes* distinguished the case of *Barnett v. State*, 788 S.W.2d 572 (Tex. Crim. App. 1990). *Hughes*, 843 S.W.2d at 594 n.4. In *Barnett*, the police were executing a search at a residence pursuant to a search warrant authorizing a search of the residence and "premises (including all other structures, places, and vehicles on the premises)." *Barnett*, 788 S.W.2d at 575. As they were searching the premises, Barnett, who was not the owner of or person in control of the premises but a mere visitor, drove up to the residence in his car. *Id*. at 573-74. Barnett was arrested when drugs were found in a search of his vehicle. *Id*. Because the vehicle at issue arrived at the premises after the search had begun and did not belong to and was not within the control of the owner or occupant of the premises, the court found that the search of Barnett's vehicle exceeded the scope of the search warrant. The court reasoned: "In the present case, the object of the search was contraband allegedly possessed by Paula Byrd. A magistrate might have reasonably inferred from the affidavit that she may well keep the contraband on her own premises or within her own property,

including her own car. But the affidavit gives no hint that her contraband might be found inside anyone else's vehicle." *Id*. at 576.[2]

Courts have generally allowed the search of an automobile found on the premises under the terms of a search warrant authorizing a search of only the residence or premises. *See, e.g.*, *United States v. Gottschalk*, 915 F.2d 1459, 1461-62 (10th Cir. 1990) (court upheld search of vehicles on premises where search warrant did not reference any vehicles to be searched but authorized search of "premises"); *United States v. Percival*, 756 F.2d 600, 612 (7th Cir. 1985) ("We therefore agree with other courts that have addressed this issue and hold that a search warrant authorizing a search of particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises."); *United States v. Freeman*, 685 F.2d 942, 955 (5th Cir. 1982) (warrant for search of premises justifies search of automobile parked on premises); *United States v. Cole*, 628 F.2d 897, 899-900 (5th Cir. 1980) (although warrant authorized search of dwelling and a specifically identified automobile, court also upheld search of truck on premises); *Brooks v. United States*, 416 F.2d 1044, 1050 (5th Cir. 1969) (search of automobile "completely justified" under terms of warrant for premises for which there was probable cause). The affidavits in these cases generally established probable cause to believe the evidence sought was in the residence or somewhere on the premises. *See, e.g.*, *Percival*, 756 F.2d at 611; *Freeman*, 685 F.2d at 955. In holding that the scope of the search warrant was not exceeded by the

---

[2] The *Hughes* court also concluded that the *Barnett* opinion was overly broad "to the extent that its holding appears applicable to *any* vehicles parked at suspected premises, including vehicles on the premises at the initiation of the search and belonging to or within the control of the owner or occupants of the premises" and that "[s]uch holding is contrary to *Bower* and other well-settled authority." *Hughes v. State*, 843 S.W.2d 591, 594 n.4 (Tex. Crim. App. 1992).

search of vehicles on the premises, these cases "necessarily imply that the probable cause showing with respect to the premises in general was sufficient to establish probable cause for the search of the vehicles." *Hughes*, 843 S.W.2d at 595.

Likewise, search warrants for premises and vehicles that can be identified by the description in the warrant have also generally been upheld. *See*, *e.g.*, *United States v. Gentry*, 839 F.2d 1065, 1068-69 (5th Cir. 1988) (upholding search of "vehicles . . . used to package and transport controlled substances" on rural property listed in warrant but not vehicle located half-mile from residence on perimeter of farm property); *see also United States v. Finnigin*, 113 F.3d 1182, 1186 (10th Cir. 1997) (premises "together with any and all vehicles driven by or registered to the owners or occupants" of premises); *Bower*, 769 S.W.2d at 905 (setting forth three particularly identified vehicles). A search warrant for premises that also allows a search of one or more vehicles on the premises, where those vehicles "are within the control of the owner or occupants of the premises," is sufficient particularly in the context of contraband that can be easily moved about the premises. *Hughes*, 843 S.W.2d at 595; *see also* 2 Wayne R. LaFave, *Search and Seizure* § 4.5(d) (4th ed. 2004) (search warrant provision which allows search of vehicles "within the control of the owner or occupant of the premises" is "likely to pass muster.").

Here, the affidavit specifically referred to vehicles "owned or controlled" by appellant or Mackey and located on the property designated in the warrant. At the time of the search, the officers discovered the keys to the vehicle on the premises for which the search warrant was obtained. The vehicle was located in the common parking lot during the course of the search and was not driven onto the premises during the search. It is undisputed that the car was parked in the

11

motel parking lot. Appellant had control of the vehicle and physical access to the keys left on the table in the motel room. When the officers did not locate contraband in the motel room, based on their prior investigation and the search warrant, it was reasonable to infer that the contraband could be found in the vehicle. Given these circumstances, we conclude that the officers acted reasonably in assuming that appellant, who had control and access to the motel room for which probable cause is not challenged, had control over the vehicle, and there was probable cause set forth in the affidavit to support a search of appellant's vehicle.

Considering the affidavit as a whole and the reasonable inferences it supports, a substantial basis existed to support a finding of probable cause for the search of appellant's vehicle. Information contained in the affidavit eliminated the possibility that the wrong vehicle would be searched pursuant to the warrant. The facts that can be derived from the four corners of the affidavit include sufficient information to support a search of appellant's vehicle.

It is not our task, nor was it the task of the district court, to determine *de novo* whether the search warrant affidavit stated probable cause to search the premises identified in the search warrant, but only to ensure that the issuing magistrate had a substantial basis for concluding that probable cause was shown. *Gates*, 462 U.S. at 236; *Swearingen*, 143 S.W.3d at 811; *State v. Bradley*, 966 S.W.2d 871, 876 (Tex. App.—Austin 1998, no pet.). We cannot say the magistrate was foreclosed from concluding that it was reasonably likely that a search of the premises and related vehicles would uncover evidence tending to show that appellant was guilty of possession of cocaine. *See Swearingen*, 143 S.W.3d at 811. In *Illinois v. Gates*, the Supreme Court reaffirmed this deferential standard for reviewing an issuing magistrate's probable cause determination: "[S]o long

12

as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." 462 U.S. at 237. In reasoning that the reviewing court's "after-the-fact scrutiny" should be guided by deference, the Court based its conclusion on "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." 462 U.S. at 234-37.[3] The resolution of doubtful or marginal cases should largely be determined by the preference to be accorded to warrants. *Bradley*, 966 S.W.2d at 876 (citing *United States v. Ventresca*, 380 U.S. 102, 109 (1965)). In light of this preference for the warrant process, and giving the magistrate's probable cause determination the deference it is due, we hold that the

---

[3] In *Curry v. State*, Curry was arrested without a warrant in a motel room when he arrived at the motel in his car. 228 S.W.3d 292, 294-95 (Tex. App.—Waco 2007, pet. ref'd). When the officers in the next room observed him engage in a drug transaction, they placed him under arrest and then searched his car, finding crack cocaine. *Id.* Curry argued that because he was arrested in the motel room and not near his vehicle, the officers did not have probable cause to believe the vehicle contained evidence of a crime. Upholding the warrantless search of the vehicle because a crime had been committed and it was likely there was contraband in the vehicle, the Waco court recognized that the justification for the automobile exception to the warrant requirement is that vehicles are inherently mobile and the expectation of privacy with respect to an automobile is relatively low. *Id.* at 295 (citing *Carroll v. United States*, 267 U.S. 132, 158-59 (1925)); *see also New York v. Class*, 475 U.S. 106, 112-13 (1986) (warrantless search justified by lessened expectation of privacy in automobile because of physical characteristics and pervasive regulation of moving vehicles). The court recognized that a vehicle may be searched on the basis of probable cause to believe that it contains contraband although exigent circumstances do not exist to justify a warrantless search. *Curry*, 228 S.W.3d at 295 (citing *Dixon v. State*, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006) ("A finding of probable cause 'alone satisfies the automobile exception to the Fourth Amendment warrant requirement.'")). The *Curry* search occurred without a warrant. Given the preference for warrants, it is certainly a better practice, when feasible, to identify the vehicle in some manner in the warrant and to search it pursuant to the warrant. It is also a better practice to include a specific description of the occupant's vehicle in the warrant. *See Percival*, 756 F.2d at 612; *see also* 2 Wayne R. LaFave, *Search and Seizure* § 4.10(c) (4th ed. 2004) ("[I]t would seem relatively easy to include a description of the occupant's vehicle in the warrant if the warrant were intended to extend to the car.").

magistrate had a substantial basis for concluding that probable cause to search existed and that the trial court did not err in overruling appellant's motion to suppress.

Absent any claim that the search of the premises was invalid, we conclude that the search of the vehicle on the parking lot was within the scope of the warrant. Because probable cause supported the search of the premises, as a matter of law it also supported the search of the vehicle, which was adequately described in the affidavit.

## CONCLUSION

Having overruled appellant's issue on appeal, we hold that the search of appellant's vehicle was valid under the scope of the search warrant, and we affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: March 19, 2008

Publish

14