# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00076-CR

**Kenneth Dawndray Herrod, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 321050022, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Kennith Dawndray Herrod of the offenses of possession of a controlled substance and possession of marihuana. *See* Tex. Health & Safety Code Ann. §§ 481.115, .121 (West 2010). The district court assessed a two-year suspended prison sentence and placed Herrod on community supervision for five years. In a single issue, Herrod argues that the district court erred by overruling his pretrial motion to suppress evidence obtained pursuant to a search of his residence. He argues that the affidavit underlying the search and arrest warrant did not create a substantial basis for concluding that marihuana would be found at the premises. We will affirm the judgment of conviction.

### *Standard of Review*

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman*

*v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's denial of a motion to suppress is reviewed for abuse of discretion, *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999), but when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we apply a de novo standard of review. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

### *Sufficiency of the Search Warrant*

Herrod argues that the affidavit underlying the search and arrest warrant does not create a substantial basis for concluding that marihuana would be found at the premises. In one issue, Herrod advances two complaints: (1) the facts recited in the affidavit are too imprecise and disjointed to demonstrate probable cause for issuing the search warrant, and (2) the affidavit does not show that the confidential informant is reliable.

Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). Neither federal nor Texas law defines precisely what degree of probability suffices to establish probable cause, but that probability cannot be based on mere conclusory statements of an affiant's belief. *Rodriguez*, 232 S.W.3d at 61. The sufficiency of the affidavit is determined by considering the totality of the circumstances set forth within the four corners of the document. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Bradley v. State*, 966 S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.). The affidavit must be interpreted in a common sense and realistic manner, recognizing that reasonable inferences may be drawn from the affidavit. *Rodriguez*,

232 S.W.3d at 61; *Hedspeth v. State*, 249 S.W.3d 732, 737 (Tex. App.—Austin 2008, pet. ref'd). The test is whether there are sufficient facts, coupled with inferences from those facts, to establish a "fair probability" that the object of the search would be found on the premises to be searched at the time the warrant is issued. *Gates*, 462 U.S. at 238; *Cassias*, 719 S.W.2d at 587. The issuing magistrate's determination of probable cause must be given great deference and will be sustained if the magistrate had a substantial basis for concluding that probable cause was shown. *Gates*, 462 U.S. at 236-37; *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Rodriguez*, 232 S.W.3d at 61.

In this case the affiant, a member of the Hays County Narcotics Task Force, believing that Herrod was supplying marihuana to dealers, sought a warrant to search Herrod's apartment. The affidavit for the search and arrest warrant stated that a confidential informant advised affiant that someone he purchased marihuana from (referred to in the affidavit as the "original suspect") often had to go get marihuana from a supplier. Seeking to discover the identity of the supplier, the affiant, an experienced narcotics officer, orchestrated a controlled buy of marihuana during which the confidential informant sought to purchase marihuana from the "original suspect." To initiate the controlled buy, the confidential informant contacted the original suspect and asked to purchase marihuana.

According to the confidential informant, the original suspect stated that he had no marihuana to sell, but would go get some. The affiant and other members of the Hays County Narcotics Task Force had been conducting surveillance of the original suspect's residence in

anticipation that the original suspect would lead them to his supplier. One of the detectives conducting the surveillance, known to be a peace officer who had provided true and reliable information in the past, advised the affiant that he observed the original suspect leave his residence and travel to 707 Brace Wood Circle in San Marcos. The detective told the affiant that the original suspect did not stop anywhere on his way to that location, that he entered apartment H of the building located at that address, stayed inside a few minutes, and returned directly to his residence. The confidential informant then purchased marihuana from the original suspect.

Before the confidential informant went to complete the purchase of marihuana from the original suspect, the affiant searched him for contraband and found none. The affiant and other detectives observed the confidential informant go directly to the original suspect's residence, where he remained for approximately two minutes before meeting the affiant at a predetermined location. According to the affiant, the confidential informant made no stops on his way to the meeting spot. There, the confidential informant provided the affiant with marihuana he purchased from the original suspect. The confidential informant stated that he did not see any other marihuana in the original suspect's possession and that the original suspect advised him he had gone to pick up marihuana from his supplier.

The next week, affiant conducted surveillance of 707 Brace Wood Circle apartment H for two hours. During that time he observed activity at the apartment he averred was consistent with drug dealing. Specifically, affiant observed what he characterized as "common drug traffic where persons arrive, meet with a suspect and leave a short time later." The affidavit details the

4

affiant's observations. Affiant was advised by a Harris County Narcotics Task Force analyst that appellant Herrod was the utility subscriber for that address.

In the 72 hours preceding affiant's seeking a search warrant, affiant orchestrated a second controlled buy carried out in the same manner as the previous one. Prior to initiating the buy, affiant observed a man matching Herrod's description at 707 Brace Wood Circle apartment H. The same sequence of events set forth above occurred the second time, but this time, the detectives conducting surveillance observed the original suspect meeting with Herrod. After the meeting, the original suspect had marihuana to sell to the confidential informant. Again, the confidential informant stated that he did not see any additional marihuana at the original suspect's residence.

Based on the events and observations set forth in the affidavit, affiant stated his belief that probable cause existed that the original suspect received marihuana from Herrod at 707 apartment H, Brace Wood Circle in San Marcos. Affiant further stated his belief that probable cause existed that marihuana was being sold by Herrod from that location, and that additional amounts of marihuana were being held at that location.

Arguing that the affidavit was insufficient to support a finding of probable cause, Herrod filed a motion to suppress. At the hearing, the district court determined that there was probable cause to support the issuance of the warrant and, accordingly, denied Herrod's motion.

We consider whether a reasonable reading of the facts stated in the affidavit, along with any reasonable inferences drawn from those facts, would lead the magistrate to conclude that, considering the totality of the circumstances, there was a "fair probability" that the object of the search, in this case marihuana, would be found at Herrod's apartment. *See Gates*, 462 U.S. at 238;

5

*Hedspeth*, 249 S.W.3d at 737. Herrod complains that the affidavit does not provide a time frame for the events described, rendering the affidavit "too disjointed and imprecise to warrant a man of reasonable caution" to believe that marihuana would be found at Herrod's residence on the date of the search. We disagree. While the affidavit does not indicate the precise time that each of the events constituting the controlled buys occurred, it is reasonable to infer that they occurred at least on the same day. Herrod complains that the absence of evidence that the events occurred in a tight time frame fails to exclude the possibility that someone else visited the original suspect's home and provided him with the marihuana he sold to the confidential informant, or that he had quantities of marihuana at his house the whole time, but concealed that fact from the confidential informant to avoid "all manner of trouble." However, the facts stated in the affidavit are not required to exclude every possibility except that the object to be searched for is at the specified location. Rather, the test is whether the facts, coupled with inferences from those facts, establish a "fair probability" that evidence of a particular crime will be found there. *Rodriguez*, 232 S.W.3d at 62. In the present case, the affidavit stated that the original suspect did not have marihuana to sell to the confidential informant before he went to Herrod's apartment, but that after he was observed going directly to Herrod's apartment, staying for a few minutes, and returning directly to his residence, he had marihuana to sell. It is not unreasonable to infer from these facts that the original suspect obtained marihuana from Herrod. This inference is bolstered by the fact that the same sequence of events occurred during the second controlled buy, as well as by the affiant's observations of activity consistent with "common drug traffic" at the apartment.

Herrod also complains that the affidavit does not demonstrate probable cause because it fails to establish the confidential informant's reliability. The affidavit states that "in the past, this [confidential informant] has provided information that has led to the seizure of narcotics." Herrod argues that the affidavit does not state that the confidential informant is "reliable," but at best shows that, on one occasion, the confidential informant's information has led to the seizure of narcotics. However, the absence of an averment of previous reliability is not fatal to the affidavit. *See Adair v. State*, 482 S.W.2d 247, 250 (Tex. Crim. App. 1972) (citing *United States v. Harris*, 403 U.S. 573 (1971)). Instead, the inquiry in determining probable cause is whether the informer's *present* information is truthful and reliable. *Id.* While a confidential informant's veracity, reliability, and basis of knowledge are highly relevant, they are not separate and independent requirements in every case. *See Illinois v. Gates*, 462 U.S. 213, 231 (1983). Relying on information supplied by an informant is acceptable "so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Id*. at 243. A search warrant may issue if a tip is sufficiently corroborated by independent police investigation, and if, viewing the totality of the circumstances, there exists enough information to raise more than a reasonable suspicion of criminal activity. *Knight v. State*, 814 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (citing *United States v. Smith*, 598 F.2d 936, 940 (5th Cir. 1979)).

In this case, the search warrant was not issued based solely upon the information supplied by the confidential informant. Rather, the search warrant was issued based on both the confidential informant's statements and the personal knowledge of the affiant who conducted surveillance both of the controlled buys and of Herrod's apartment. The information provided by

the confidential informant in this case was that "it was common for [the original suspect] to have to go get marihuana from a supplier in order to sell" and that the original suspect told him that he "did not have marihuana to sell, but would go pick up more." The confidential informant did not identify Herrod as the supplier. Rather, the confidential informant's tip caused the affiant to set up the two controlled buys during which he observed activities that caused him to believe that Herrod was the original suspect's supplier and to believe that Herrod kept marihuana at his apartment. The affiant also observed activity at the apartment consistent with "common drug traffic."

Based on the totality of the circumstances set forth in the four corners of the affidavit—including the information provided by the confidential informant, the observations made by the police during the two controlled buys, and the activity observed during the police surveillance—and affording "great deference" to the issuing magistrate's determination of probable cause, we find that the magistrate had a substantial basis for concluding that marihuana would probably be found during a search of Herrod's apartment. The district court acted within its discretion in denying Herrod's motion to supress. *See Gates*, 462 U.S. at 236-37; *Carmouche*, 10 S.W.3d at 327. Herrod's issue is overruled, and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 31, 2010

Do Not Publish

8