

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00193-CR

BOBBY REESE SKINNER                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

### MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Bobby Reese Skinner of possession of a controlled substance—methamphetamine—in the amount of 400 grams or more and, upon his plea of true to the enhancement paragraph, assessed his punishment at life imprisonment and a $1,000 fine. The trial court sentenced him accordingly. In a single issue, Appellant challenges the trial court's admission into evidence of the "fruits of the authorities' warrantless search of another's

---

[1]See Tex. R. App. P. 47.4.

property when they arrested [him]." He specifically does not challenge his life sentence, jury selection, or denial of his motion for new trial. Because we hold that Appellant has no standing to challenge the seizure of evidence from the trailer and surrounding grounds owned by another and that he fails to show how the contents of his wallet contributed to his conviction for mere possession, we affirm the trial court's judgment.

The facts testified to at trial follow a familiar pattern. An officer is driving down the street in Wichita County, smells a certain chemical (here, ether) emanating from a specific residence, and calls other officers to the scene. They knock on the door at midnight or much later, enter the residence, search it "for officers' safety" and "to prevent destruction of evidence." Only then do they apply for a warrant and arrest the occupants for possession of the items discovered in the initial warrantless entry.[2]

In the case now before this court, the officer was driving down the street just before midnight and smelled such an overpowering odor of ether that it pervaded his vehicle through the vents, because the windows were closed. He called other officers to the scene, and the officers checked the house which they believed the odor had come from but found it empty. The officers therefore concentrated on a "fifth-wheeler" trailer nearby. They knocked on the door and

---

[2]See Eichelberger v. State, 232 S.W.3d 225, 226 (Tex. App.—Fort Worth 2007, pet. ref'd); Pair v. State, 184 S.W.3d 329, 332–33 (Tex. App.—Fort Worth 2006, no pet.); see also Smith v. State, No. 02-09-00393-CR, 2011 WL 3672078, at *3–4 (Tex. App.—Aug. 18, 2011, no pet. h.).

went inside the trailer "to prevent [Appellant] from destroying any evidence" and "for officer's safety" because ether is extremely volatile and could explode at any minute. They reasoned that it was necessary to enter the trailer which smelled of ether for the safety of the officers, to prevent destruction of drugs, and to protect the occupants of the trailer. Essentially, the officers created their own danger by entering the location of the dangerous substance and also created the danger of destruction of methamphetamine by making their presence known before seeking a warrant.

After entering the trailer, the officers saw a tank of anhydrous ammonia, often used for manufacturing methamphetamine, in plain view inside a duffle bag. They put Appellant on the ground, handcuffed him, and then searched the trailer for the officers' safety and to preserve evidence. Only after handcuffing Appellant and securing the premises by searching the trailer did they begin taking the steps necessary to secure a warrant that allowed the search of anything and everything and every person anywhere on the property.

The methamphetamine was not found inside the trailer. It was in a pitcher twenty feet from the trailer and in plain view.

It is interesting to note that no ether was found at the location, despite the overpowering odor of ether that originally attracted the officer's attention and became stronger after the trailer door was opened. After securing the warrant, the officers searched a vehicle at the location and found Appellant's wallet with a receipt for a coffee grinder and coffee filters.

3

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[3] We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor.[4] We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.[5]

As our sister court in Austin has explained,

> Because the Fourth Amendment protects persons against unreasonable searches of "their persons [and] houses," it is a personal right that must be invoked by an individual. But the extent to which the Fourth Amendment protects people may depend upon where those people are. The "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."[6]

---

[3]*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[4]*Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

[5]*State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

[6]*Hespeth v. State,* 249 S.W.3d 732, 737 (Tex. App.—Austin 2008, pet. ref'd) (citations omitted).

4

Appellant argues that the trial court erred by refusing to suppress the fruits of the search of a location belonging to another. He also contends that the police lacked probable cause and exigency. Appellant does not specifically challenge the seizure of the pitcher or its contents. To the extent that Appellant challenges the search of and evidence seized from the trailer and grounds, we hold that he did not establish standing. Appellant denied that he owned or possessed the trailer or grounds in question, and he raises no suggestion of his expectation of privacy there. We note that Appellant also does not challenge the sufficiency of the evidence to show that he exercised care, custody, and control over the methamphetamine.[7] Indeed, he does not challenge the nexus between himself and any of the evidence that he argues was improperly admitted.

Appellant also denied at trial that the car in which his wallet was found belonged to him but admitted that he had ridden in the car. To the extent that his global, general challenge to the evidence seized somehow includes an implicit challenge to the admission of a receipt for a coffee grinder and coffee filters found in the wallet, ingredients described at trial as objects commonly used in the manufacture of methamphetamine, we note that the car was not searched until after the warrant was executed. Further, the basis of Appellant's challenge to all the evidence is the initial warrantless search of the trailer and grounds. Because Appellant has established no standing to challenge the warrantless search of the

---

[7]See Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

5

trailer and grounds, he cannot rely on the alleged illegality of that search to contest the search of the vehicle or his wallet. And he raises no explicit complaints about the search of the vehicle or his wallet. Further, given the evidence of methamphetamine and the manufacture thereof surrounding Appellant at his arrest, we note that even if the seizure of the receipt was illegal, a conclusion we do not reach, its admission did not contribute to Appellant's conviction or punishment for mere possession of methamphetamine.[8]

Because Appellant has not established a legitimate expectation of privacy in the trailer, surrounding grounds, or pitcher, he has no standing to contest the warrantless search thereof.[9] Because Appellant has no standing to contest the search of the trailer, its grounds, or the pitcher, and because he cannot rely on the alleged illegality of the search of the trailer to challenge the search of the car and raises no explicit complaints about the search of the car, we hold that the trial court did not err by denying his motion to suppress and overrule his sole issue.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

---

[8] *See* Tex. R. App. P. 44.2(a).

[9] *See Hespeth,* 249 S.W.3d at 737.

6

                                                          LEE ANN DAUPHINOT
                                                          JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

WALKER and MCCOY, JJ. concur without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2011