# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00577-CR
## NO. 03-13-00578-CR

**Sedric Houston, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR-12-0941 & CR-12-0942, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

After the trial court denied his motion to suppress evidence, Sedric Houston pleaded guilty to two counts of possession of controlled substances with intent to deliver—one count for 200 grams or more but less than 400 grams of cocaine and one count for 28 grams or more but less than 200 grams of alprazolam. *See* Tex. Penal Code §§ 481.112, .114. The jury assessed sentences of sixty-five years and twenty years in prison. Appellant contends that the convictions must be reversed because the search of his motel room that revealed the bulk of the drugs was improper because the search warrant was not supported by an adequate affidavit. We will affirm the judgments of the trial court.

# STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress using a bifurcated standard. We give almost total deference to the historical facts found by the trial court, and we review de novo the trial court's application of the law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). When a trial court is determining whether probable cause exists to support the issuance of a search warrant, there are no credibility determinations; instead, the court is limited to the four corners of the affidavit. *Id*. (citing *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004)).

No search warrant may issue unless a sworn affidavit is first presented to the magistrate setting forth sufficient facts to show that probable cause exists for its issuance. Tex. Code Crim. Proc. art. 18.01(b). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13 (1983)).

When reviewing a decision to issue a search warrant, we apply a deferential standard of review because of the constitutional preference for law enforcement officials to obtain warrants rather than conduct warrantless searches. *McLain*, 337 S.W.3d at 271. The facts submitted for the magistrate's probable cause determination are those contained within the four corners of the affidavit and are to be read in a common-sense and realistic manner. *Id*.; *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). A magistrate may draw reasonable inferences from the facts stated in the affidavit. *Rodriguez*, 232 S.W.3d at 61; *Hedspeth v. State*, 249 S.W.3d 732, 737

2

(Tex. App.—Austin 2008, pet. ref'd). When in doubt about the propriety of the magistrate's conclusion, we defer to all reasonable inferences the magistrate could have made. *Rodriguez*, 232 S.W.3d at 61; *see McLain*, 337 S.W.3d at 271.

Probable cause requires evidence that amounts to more than bare suspicion but less than would justify conviction. *Brinegar v. United States*, 338 U.S. 160, 175 (1949). Probable cause "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). The task of a reviewing court is not to determine de novo whether a search warrant affidavit establishes probable cause, but rather is to ensure that, given the totality of the circumstances set forth in the affidavit, the issuing magistrate had a substantial basis for concluding that probable cause was shown. *Gates*, 462 U.S. at 236-38; *Hennessy v. State*, 660 S.W.2d 87, 89 (Tex. Crim. App. 1983).

## THE AFFIDAVIT

The affidavit in support of the request for a search and arrest warrant was submitted by San Marcos Police Officer Jayson Cormier and dated August 31, 2012. In it, Cormier requested a warrant to search a specified motel room, two vehicles, and associated property for crack cocaine, drug paraphernalia, and records and other items related to the possession and distribution of narcotics and other illegal drugs. Cormier recounted his knowledge about drugs—including experience observing crack cocaine—and drug dealers' behavior that he acquired in training and while investigating numerous drug-related cases. He stated that "in August 2012" he received information from a credible and reliable confidential informant that appellant and another person

3

were selling crack cocaine out of San Marcos-area motels. Cormier wrote that on Friday August 31, 2012, he found appellant and the companion named by the informant in room 109 of a specified motel and watched appellant make four "hand to hand transactions" within an hour. Cormier stated that after the last transaction, appellant and his companion left the motel in a vehicle and went to another motel. Cormier stated that he followed them and, when he and another officer "made contact" with appellant and his companion, the latter two began to run. Cormier said that when he detained appellant and placed him on the ground, baggies of crack cocaine and Xanax fell out of appellant's pocket. Cormier stated that room 109 at the first motel was registered to appellant's companion and that she had called the front desk and requested an additional key card because her boyfriend had been arrested.

The magistrate issued a warrant to search room 109, the vehicles belonging to appellant and his companion, and related premises.

## DISCUSSION

Appellant contends that the affidavit was inadequate because it was too general and conclusory, because its information was stale, and because the information contained there was inadequate to establish probable cause. He contends that the affidavit suggests that drugs were in appellant's motel room only in the portion stating that the confidential informant said that appellant was selling crack cocaine out of San Marcos motel rooms. Appellant complains that this statement does not specify what hotel or room and does not detail any transactions witnessed by the informant. He contends that the assertion that the informant saw drug sales "in August 2012" requires that we presume that the informant witnessed the transactions on August 1, 2012, rendering the information

4

30 days old and stale. *See Crider v. State*, 352 S.W.3d 704, 710 n.24 (Tex. Crim. App. 2011) (courts making assumptions as to when transactions occurred must, for purposes of determining probable cause, assume that the transactions took place in the most remote part of the given period). He contends that Cormier's witnessing of hand-to-hand transactions was insufficient because Cormier did not see that anything illegal was exchanged. *See Ashcraft v. State*, 934 S.W.2d 727, 733 (Tex. App.—Corpus Christi 1996, pet. ref'd) (totality of circumstances described in affidavit must establish probable cause in non-conclusory terms). Finally, he asserts that Cormier's statement that appellant had baggies of crack cocaine and Xanax on him when apprehended is conclusory and does not establish that appellant would have additional drugs back at his motel room.

Viewing the totality of the circumstances, we conclude that the magistrate had a substantial basis for concluding that probable cause was shown. *See Gates*, 462 U.S. at 239. The informant's statement may have been general regarding the time and the place of the sales, but Cormier also stated in his affidavit that he saw appellant at a specific room engaging in transactions of some sort on August 31, 2012—the same day as the making of the affidavit. He stated that, shortly after the transactions, appellant fled from contact with police and revealed that he was carrying crack cocaine and Xanax. Although Cormier did not recite his experience in recognizing crack cocaine in the same sentence as his assertion that crack cocaine fell out of appellant's pocket, he had stated earlier in his affidavit that he had "observed cocaine, crack cocaine . . . and other illegal drugs in these investigations" over his eight-year career, in addition to having had numerous hours of training. Given his training and the stated credibility of the confidential informant, it is proper to connect the hand-to-hand transactions at or near room 109 with the drugs discovered in appellant's

5

possession shortly afterwards. Cormier also recited that he knows that persons who manufacture, distribute, possess, or use illegal drugs keep drug paraphernalia and records in their residences or vehicles. Thus, the affidavit ties appellant, crack cocaine, and the motel room on August 31, 2012 in a sufficiently specific and non-conclusory way. The affidavit provided sufficient facts that, together with reasonable inferences therefrom, provided a "fair probability" or "substantial chance" that contraband or evidence of a crime would be found in appellant's motel room or in his or his companion's vehicle. *See Flores*, 319 S.W.3d at 702; *Rodriguez*, 232 S.W.3d at 61.

Because the affidavit provided sufficient basis for the warrant, the trial court did not abuse its discretion by denying the motion to suppress evidence discovered through execution of the warrant. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

We affirm the judgments of the trial court.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 6, 2014

Do Not Publish

6