# NO. 12-16-00020-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PHILIP CHANG,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Philip Chang appeals his convictions for possession or delivery of between one and four grams of a controlled substance in Penalty Group 2 and manufacture of a simulated controlled substance in Penalty Group 2. In one issue, Appellant argues that the trial court erred in overruling his motion to suppress. We affirm.

## BACKGROUND

Appellant was charged by indictment with one count of possession of between one and four grams of K-2 with intent to deliver and four counts of manufacture of simulated K-2 with intent to deliver. Appellant filed a motion to suppress, which the trial court overruled. A jury found Appellant "guilty" as charged on all counts and, thereafter, Appellant entered into a plea agreement with the State. Ultimately, the trial court sentenced Appellant to imprisonment for ten years on count one, but suspended the sentence and placed Appellant on community supervision for ten years. On the remaining convictions, the trial court sentenced Appellant to imprisonment for two years on each count, but suspended these sentences and placed Appellant on community supervision for five years on each count. This appeal followed.

In his sole issue, Appellant argues that the trial court erred in denying his motion to suppress. Appellant's motion to suppress was based on alleged deficiencies contained in Police Chief Darren Goodman's search warrant affidavit.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *State v. Elrod*, 395 S.W.3d 869, 876 (Tex. App.–Austin 2013, no pet.). A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). The trial court's ruling on the motion to suppress will be affirmed if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Young v. State*, 283 S.W.3d 854, 873 (Tex. Crim. App. 2009).

In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Although we give almost total deference to the trial court's determination of historical facts, we conduct a de novo review of its application of the law to those facts. *See Wilson*, 311 S.W.3d at 458; *Carmouche*, 10 S.W.3d at 327. We afford almost total deference to the trial court's rulings on mixed questions of law and fact when the resolution of those questions depends on an evaluation of credibility and demeanor. *See State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor. *Johnston*, 336 S.W.3d at 657; *Guzman*, 955 S.W.2d at 89. All purely legal questions are reviewed de novo. *Johnston*, 336 S.W.3d at 657; *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004).

At the suppression hearing, the trial court is the sole trier of fact and exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *See St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Guzman*, 955 S.W.2d at 89. Unless the trial court abuses its discretion by making a finding unsupported by the record, we defer to the trial court's findings of fact and will not disturb them on appeal. *Johnston*, 336 S.W.3d at 657; *Guzman*, 955 S.W.2d at 89; *Elrod*, 395 S.W.3d at 876–77. When, as here, the trial court makes no findings of fact and conclusions of law, and none are requested, we review the evidence in the

light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling so long as those findings are supported by the record. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *Carmouche*, 10 S.W.3d at 328.

## Search Warrant Affidavit

No search warrant may issue unless a sworn affidavit is first presented to the magistrate setting forth sufficient facts to show that probable cause exists for its issuance. TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2015); *Elrod* 395 S.W.3d at 880–81. The sworn affidavit must set forth facts sufficient to establish probable cause that (1) a specific offense has been committed, (2) the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (West Supp. 2015). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

When reviewing a decision by a judge or magistrate to issue a search warrant, we apply a deferential standard of review because of the constitutional preference for law enforcement officials to obtain warrants rather than conduct warrantless searches. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). The facts submitted for the magistrate's probable cause determination are those contained within the four corners of the affidavit and are to be read in a common sense and realistic manner. *McLain*, 337 S.W.3d at 271; *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). A magistrate may draw reasonable inferences from the facts stated in the affidavit. *Rodriguez*, 232 S.W.3d at 61; *Hedspeth v. State*, 249 S.W.3d 732, 737 (Tex. App.–Austin 2008, pet. ref'd). When in doubt about the propriety of the magistrate's conclusion, we defer to all reasonable inferences the magistrate could have made. *Rodriguez*, 232 S.W.3d at 61; *see McLain*, 337 S.W.3d at 271. Our inquiry, then, is whether there are sufficient facts stated within the four corners of the affidavit, coupled with inferences from those facts, to establish a fair probability that evidence of a particular crime will likely be found at a given location. *See Rodriguez*, 232 S.W.3d at 62.

**Informant's Familiarity with Controlled Substances**

Appellant contends on appeal that the affidavit fails to provide any documentation as to how it was determined that the substance alleged to have been purchased was, in fact, K-2 and fails to demonstrate that the informant was knowledgeable about K-2. An affidavit in support of a warrant to search for narcotics need not provide more specific details about the informant's reliability than to state the informant provided information in the past regarding narcotics trafficking, which information had proved correct. *State v. Walker*, 140 S.W.3d 761, 766 (Tex. App.–Houston [14th Dist.] 2004, no pet.). Furthermore, because such a statement, when interpreted in a realistic and common sense manner, indicates the informant's familiarity with controlled substances, the affiant need provide no additional details to describe the informant's qualifications in recognizing drugs. *Id.*

Here, Goodman's affidavit describes a previous occasion where a concerned citizen, who later became a confidential informant, gave true and reliable information concerning the commission of a crime. The affidavit reads, in pertinent part, as follows:

> On the 15th day of February, a concerned citizen reported to this Officer that illegal substances were being sold at the P.C. Corner Store, 201 Pine St.[,] Frankston, Texas. The citizen stated that he believed that he could purchase illegal substances from the owner of the store, Mr. Philip Chang. On February 16th[,] while under the supervision of this Officer, the citizen attempted to make a purchase of illegal substances from Mr. Philip Chang. The citizen was able to purchase a quantity of K-2, a synthetic chemical compound cannabinoid receptor agonist, from Philip Chang, just as he had stated. Philip Chang received $10.00 in currency from the citizen as remuneration for the purchase of the illegal substance. It was at this time that this agency established the credibility of the citizen and of the information gained from the citizen. This agency has established this citizen as an informant and has created a file under the name of C.I. 001 showing this citizen's information and credibility as a credible witness.

The affidavit goes on to list three additional K-2 transactions between C.I. 001 and Chang under Goodman's supervision. The last of these transactions occurred within twenty-four hours of Goodman's making the search warrant affidavit.

Thus, Goodman's affidavit establishes that C.I. 001 provided information in the past regarding narcotics trafficking, which information had proved correct. Therefore, it was not necessary to describe C.I. 001's qualifications in recognizing drugs. *See id.* C.I. 001's description of the substance he purchased and observed in the subject location is sufficient to permit the magistrate to conclude that the substance was what C.I. 001 conveyed to Goodman that it was. We conclude that Goodman's statements in his affidavit are sufficient to support the

reliability of this confidential informant.  Accordingly, we hold that the trial court did not abuse its discretion in overruling Appellant's motion to suppress on that basis.  Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 29, 2016

NO. 12-16-00020-CR

**PHILIP CHANG,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-15-32358)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*